STATE *v.* JACOB

[No. 214, September Term, 1963.]

*Decided April 28, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General* and *Marvin H. Anderson, State's Attorney for Anne Arundel County,* on the brief, for appellant.

*Julius G. Maurer,* with whom was *Edward J. Brannan* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The State appeals from an order of the Circuit Court for Anne Arundel County dismissing its petition for a writ of certiorari by which it sought to have set aside the action of a trial magistrate of that County in placing the appellee on probation without verdict and to have the case remanded to the magistrate for further proceedings.

The major premise upon which the State's case in the Circuit Court and in this Court rests, is that a trial magistrate in Anne Arundel County lacks power to grant probation without verdict. An unreported case (*State v. Schreyer,* Circuit Court, Anne Arundel County, Law No. 6688) raising this question (involving alleged violation of the motor vehicle laws) had been before Judge Keating of the Second Circuit, then sitting in the Circuit Court for Anne Arundel County, on certiorari in 1962. Judge Keating, in a well reasoned opinion, upheld the conten-

tion of the State. In the instant case, Judge Duckett, though he considered the question a close one, decided to follow Judge Keating's opinion; but he announced that he was "further of the opinion that a retrial of this Defendant at this time will not serve the ends of justice, so the Court in its discretion has decided to dismiss the Petition."

On this appeal, the State first renews its contention that a trial magistrate of Anne Arundel County lacks the power to place a person on probation without verdict; second, it contends that in passing on the State's petition for a writ of certiorari, the Circuit Court was acting in its common law capacity and not in the exercise of a special appellate jurisdiction; and third, it contends that the Circuit Court was required to remand the case to the trial magistrate with instructions as to how to proceed further. The appellee does not challenge the State's first or third contentions, but relies on his motion to dismiss the appeal based upon the ground that the Circuit Court acted in the exercise of its "quasi-appellate" jurisdiction in reviewing the proceedings of the magistrate and in dismissing the writ, and hence that the State has no right of appeal from such action.

Despite the lack of controversy over the State's first contention, we deem it appropriate to state our agreement with the view of Judge Keating, which was followed by Judge Duckett, that a trial magistrate of Anne Arundel County lacks power to place a person on probation without verdict, since our decision of this case is founded upon that view and the question has not previously been decided by this Court.

We find no provision in the Trial Magistrates System subtitle of Art. 52 of the 1957 Code (which originated with ch. 720 of the Acts of 1939) or in any amendment thereof, which confers power upon trial magistrates to place persons upon probation without verdict. In general, except as modified by this subtitle, their "authority, powers and civil and criminal jurisdiction" are the same as those "vested in any justice of the peace by law applicable to the counties for which they are respectively appointed," and "such as may hereafter be prescribed by law." See Art. 52, sec. 100. That section does confer power upon trial magistrates to suspend sentence or costs, or both;

but that is something quite different from the power to grant probation without verdict. The power to suspend sentence can be exercised only when there has been a conviction and sentence thereon; probation without verdict, if granted, avoids any finding of guilt. Indeed, one of its primary purposes, where its use is deemed appropriate, is to avoid placing the stigma of a conviction on the accused. See Mutter, *Probation in the Criminal Court of Baltimore,* 17 Md. L. Rev. 309, 314. The difference is further manifested by the fact that these two powers are separately mentioned and dealt with by several statutes. See Code (1963 Cum. Supp.), Art. 26, sec. 114(a)(1) and (2)—powers of the Municipal Court of Baltimore City; Art. 27, sec. 641(1) and (2)—powers of the Circuit Courts of the Counties and of the Criminal Court of Baltimore; and Art. 52, secs. 17 and 20, relating to suspension of sentence and costs by justices of the peace in certain counties, and sec. 19(1) authorizing justices of the peace in certain counties to suspend sentence or to place a person upon probation before conviction.

Turning to the subtitle of Art. 52 headed "Criminal Jurisdiction," we find sec. 13(a) of the 1957 Code,[1] which, in general terms, conferred jurisdiction upon "the several trial magistrates of the State of Maryland (except in the City of Baltimore) to hear, try and determine" cases involving charges of a wide variety of offenses committed within their respective Counties, and provided that the trial magistrates "shall have power to issue all process and to do all acts * * * necessary for the exercise of their said jurisdiction, and may pronounce judgment and sentence in all such cases coming before them, in the same manner, and to the same extent as the circuit courts for said counties could, if such cases had been tried before said courts * * *." The quoted language as to power to pronounce judgment and sentence is derived from ch. 618 of the Acts of 1890, which long antedated probation without verdict. Until the en-

---

1. For clarity in discussing changes in this section we start with its language as in force when this case was before the trial magistrate. Ch. 616 of the Acts of 1961, referred to later, which did not change it materially so far as this case is concerned, was declared effective on December 1, 1962, following a referendum vote in November, 1962. (See Acts of 1963, pp. 2241-42; 2256-57.)

actment of ch. 487 of the Acts of 1943, the authority conferred by sec. 13(a) was vested in justices of the peace and was not limited to trial magistrates. That section always excepted justices of the peace or trial magistrates in Baltimore City. Upon establishment of the Municipal Court of Baltimore City pursuant to the Constitutional Amendment embodied in sec. 41 C of Art. IV and ch. 616 of the Acts of 1961 implementing that Amendment, there was no possible further need for this exception and it was eliminated by the Act last cited. Otherwise, sec. 13(a) was not amended by ch. 616 of the Acts of 1961. Changes were made by that Act to conform to the transfer of jurisdiction of criminal cases in Baltimore from justices of the peace to the Municipal Court in several other sections of Art. 52 and in a number of other provisions of the Code, including some contained in Articles 5 and 27; and twenty-three new sections relating to the new court were added to Art. 26.

Sec. 13(a) of Art. 52, *supra,* makes no specific mention of any power to place an accused person on probation before verdict. We need not decide whether such a disposition of a case may constitute "judgment and sentence" at all, for whether it might or might not do so as a general proposition, the power to pronounce judgment and sentence as the Circuit Courts might do, as given by sec. 13(a), does not, in our opinion, include the power to grant probation without verdict. When first adopted in 1890, it clearly did not do so, since no such power then existed in the Circuit Courts. Nor, do we think, has the power to place persons on probation without verdict been imported into the power of trial magistrates by the provisions of ch. 316 of the Acts of 1957 (now Code, Art. 27, sec. 641 (2)) which empowers the Circuit Courts of all of the Counties and the Criminal Court of Baltimore to grant probation without verdict.[2] We base this view, as did Judge Keating, largely upon the fact that when the Legislature has wished to confer upon justices of the peace or trial magistrates the power to grant

2. Under sec. 451 of the Charter and Public Local Laws of Baltimore City (1938), enacted by ch. 132 of the Acts of 1931, the Criminal Court of Baltimore already possessed this power. So did the Circuit Courts of the Counties in the Second Judicial Circuit under ch. 436 of the Acts of 1955.

probation without verdict, it has done so specifically. This has been true since as well as before the enactment in 1957 of sec. 641 of Art. 27.

The first statute conferring such power was ch. 629 of the Acts of 1941, which added three new sections to Art. 52 of the Code of 1939. One of these, then designated as sec. 14 B, which became sec. 19(1) in the 1957 Code, conferred the power to place persons on probation without verdict upon the justices of the peace in Baltimore City (except traffic court magistrates). This section has been extended as to justices of the peace or trial magistrates (sometimes subject to a condition not here material) in seven counties as follows: Prince George's, by ch. 711 of the Acts of 1947; Charles, by ch. 77 of the Acts of the Spec. Sess. of 1948; St. Mary's, by ch. 555 of the Acts of 1959; Baltimore, by ch. 487 of the Acts of 1961; Calvert, by ch. 630 of the Acts of 1961; Montgomery, by ch. 119 of the Acts of 1963; and Queen Anne's, by ch. 278 of the Acts of 1963. Ch. 616 of the Acts of 1961, *supra,* by sec. 23, eliminated the exception as to trial magistrates in Baltimore City (and as to traffic court magistrates), and, by sec. 1, enacted (among other sections) sec. 114(a)(2) of Art. 26 of the Code, which expressly confers upon the new Municipal Court the power to place persons on probation without verdict.[3]

Whether the State has a right of appeal from the order dismissing its petition depends upon the nature of the proceedings before the Circuit Court. Clearly, they were not by appeal under sec. 13(b) of Art. 52 of the Code (1957). On the contrary, they were by way of certiorari to review only the power of the trial magistrate to grant probation without verdict. See Md. Rule K 47. Whether the Circuit Court would have reached the same conclusion on the merits as did the trial magistrate was not an issue to be determined.

In these circumstances, we think that the trial court was called upon to act in its capacity as a common law court of original jurisdiction, and not in the exercise of a special, appel-

---

3. This is our only statutory provision for probation without verdict which does not require the written consent of the accused to such disposition of his case.

late jurisdiction or even of a quasi-appellate jurisdiction. The case, therefore, appears to us to fall within the rule applied in *State, ex rel. Wilson v. Stafford,* 160 Md. 385, 153 A. 77, and recognized in *Rayner v. State,* 52 Md. 368, at 376-77 (see also Poe, *Pleading and Practice* (Tiffany's Ed.), Vol. 2, § 723 A), rather than within the rule of *Riggs v. Green,* 118 Md. 218, 84 A. 343, and *Shipley v. State,* 201 Md. 96, at 99, 93 A. 2d 67. The line of demarcation between the two types of cases is not always clear and distinct, and the question here is not wholly free of doubt. No question is presented with regard to the jurisdiction of the trial magistrate to try the case; his power to dispose of it by probation without verdict is in issue, and this, we think, presents a question which is essentially one of jurisdiction, rather than of mere irregularity in the proceedings.[4] The existence of a right of appeal does not bar the use of certiorari to test a question of jurisdiction. *Rayner v. State, supra;* and certiorari may be invoked to ascertain whether an inferior tribunal has transcended its limited powers. *Swann v. M. & C. C. of Cumberland,* 8 Gill 150, 155.

Because we think that the magistrate did exceed his jurisdiction, that the appeal is properly before us, and that the Circuit Court erred in not remanding the case to the trial magistrate for disposition in accordance with the powers conferred upon trial magistrates of Anne Arundel County (Poe, *op. cit. supra,* § 730), we reverse the order of the Circuit Court and remand the case to that Court with directions to remand it to the trial magistrate for further proceedings not inconsistent with this opinion.

*Order reversed; costs to be paid by the appellee.*

4. If the converse were the situation, because of the public importance of the main question involved, we might well follow *Moulden v. State,* 217 Md. 351, 353, 142 A. 2d 595, and treat the appeal as a petition for a writ of certiorari under sec. 21 of Art. 5 of the Code (1957). Cf. *Shipley v. State,* 201 Md. 96, 93 A. 2d 67, where the appellant prudently sought certiorari in addition to entering an appeal.