# JAMES BARTLETT, II *v.* STATE OF MARYLAND

[No. 556, September Term, 1971.]

*Decided April 24, 1972.*

The cause was submitted on briefs to THOMPSON, MOY-LAN and POWERS, JJ.

Submitted by *Donald P. McLaughlin* for appellant.

Submitted by *Francis B. Burch, Attorney General, David H. Feldman, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Elias Silverstein, Assistant State's Attorney for Prince George's County,* for appellee.

POWERS, J., delivered the opinion of the Court.

James Bartlett, II, appellant here, was indicted by the grand jury of Prince George's County, on March 6, 1970, for possession of cannabis on December 9, 1969. On March 19, 1970, appearance of his counsel was entered, he was arraigned, and he entered a plea of not guilty and elected a jury trial.

Upon appearing for trial on August 12, 1970, appellant, according to a docket entry, withdrew his plea of not guilty and entered a plea of guilty to count 1 of the indictment. The court ordered a presentence investigation.

The docket records that on October 1, 1970, the presentence report was filed, and "Bartlett is placed on probation under the supervision of the department of parole and probation for a period of 2 years without a finding of guilt." On that date appellant signed and filed a paper, addressed to the court, saying:

> "I hereby consent to be placed on probation
> without a finding of guilt [1] under Article 27,
> Section 641, of the Annotated Code of Maryland.
> Probation period to be active (2 years)."

A petition asserting violation of certain conditions of probation was filed on September 23, 1971, and a warrant was issued that day for apprehension of appellant on that charge. A violation hearing was held on October 18, 1971. At its conclusion the judge found that appellant had violated his probation, and sentenced him to serve one year, beginning September 29, 1971.

Appellant contended below and here that the court, having earlier placed him on probation "without a finding of guilt" could not, upon revoking the probation,[2] enter a verdict of guilt and impose sentence.

It appears that when the question was raised at the hearing below, there was some confusion as to whether the probation had been granted under Code, Art. 27, § 641, which applies generally to persons accused of crime, or under § 292, which applies exclusively to first offenders against the laws relating to controlled dangerous substances. The court noted that appellant's consent had referred to § 641, and said that he would so construe the probation.

---

1. The statute, *infra*, authorizes "probation without finding a verdict". We see no reason not to use the precise words of the statute.

2. Appellant does not contend here that the finding of violation was erroneous.

There was another and even more compelling reason. Section 292 was enacted as a part of Ch. 403, Laws of Maryland, 1970, effective July 1, 1970, which also contained provisions, § 302 (a) and (d), that it applied to violations which occurred following its effective date.[3] The violation with which appellant was charged occurred on December 9, 1969. Section 302 (a) included a saving clause for prior violations.

The probation "without a finding of guilt" could have been imposed only under § 641. Neither in the docket entries nor elsewhere in the record before us can we find that the plea of guilty to count 1, entered by appellant on August 12, 1970, was either accepted or rejected by the court, or was thereafter withdrawn or stricken. At the time the probation was granted, the docket shows, "Nolle pros 2 and 2 as to Bartlett." This entry may have referred to counts 2 and 3 of the indictment.

At the end of the evidence on the question of violation, the judge explained his approach as follows:

"According to the docket entries in this case Mr. Bartlett entered a plea of guilty to the first count of the indictment, and I, as the Court, ordered a presentence investigation. Subsequently I placed him on probation for a period of two years without a finding of guilt. So it would seem that we have to make these determinations, and possibly in this order: First a finding that he was in violation of the conditions of his probation. If we find then that he was, it would seem that we would strike the probation and enter a verdict upon his plea of guilty, and then impose sentence. That is what the Court proposes to do."

That is what the court did.

---

3. Appellant was entitled to and received the benefit of Ch. 237, Laws of Maryland, 1970, effective April 15, 1970. The act reduced possession of marihuana from a felony to a misdemeanor, reduced the penalties and provided that it applied to any proceedings not finally adjudicated on its effective date.

We think it was error to treat appellant's guilty plea as still on the bargaining table. The court's action in placing appellant on probation "without a finding of guilt" amounted, by necessary implication, to rejecting or striking his guilty plea.

The power of the courts to suspend sentences imposed upon persons convicted of crime, and to "make such orders and impose such terms as to costs, recognizance for appearance, or matters relating to the residence or conduct of the convicts as may be deemed proper" was for many years derived from the statute which is now Code, Art. 27, § 639. Broader power was given in Code, Art. 27, § 641, first enacted with limited application in 1955, and in 1957 made to apply to all courts of general criminal jurisdiction. That section provides:

> "The circuit courts of the several counties in this State and the Criminal Court of Baltimore City, before conviction of any person accused of crime with the written consent of the person so accused, including persons appealing from convictions before trial magistrates or before the Municipal Court of Baltimore City, whether a minor or an adult, and after conviction or after a plea of guilty or nolo contendere, without such consent, are empowered, during the term of court in which such consent, conviction or plea is had, to:
>
> (1) Suspend the imposition of sentence; or
> (2) Place such person on probation without finding a verdict; and
> (3) Make such conditions of suspension of sentence and probation as the court may deem proper."

In holding that a Trial Magistrate[4] had no power to

---

4. Some but not all courts of limited jurisdiction exercised a similar power under other statutes. The District Courts now have such power under Code, Art. 26, § 146.

grant probation without verdict, the Court of Appeals in *State v. Jacob,* 234 Md. 452, 199 A. 2d 803, said, at page 455:

> "The power to suspend sentence can be exercised only when there has been a conviction and sentence thereon; probation without verdict, if granted, avoids any finding of guilt. Indeed, one of its primary purposes, where its use is deemed appropriate, is to avoid placing the stigma of a conviction on the accused. See Mutter, *Probation in the Criminal Court of Baltimore,* 17 Md. L. Rev. 309, 314. The difference is further manifested by the fact that these two powers are separately mentioned and dealt with by several statutes."

See *Skinker v. State,* 239 Md. 234, 239, 210 A. 2d 716. See also *Costello v. State,* 240 Md. 164, 213 A. 2d 739, where the Court said, at page 167:

> "Maryland law authorizes probation only before verdict or upon the suspension of sentence."

The Court of Appeals again considered the significance of probation without verdict in *Comm'r of Motor Vehicles v. Lee,* 254 Md. 279, 255 A. 2d 44. Lee had been charged with certain motor vehicle violations in the Municipal Court of Baltimore City. Their disposition was entered as "probation without verdict", but nevertheless fines were imposed. The imposition of fines was treated by the Department of Motor Vehicles as a conviction, and Lee's operator's license was revoked. The case reached the Court of Appeals by certiorari, and that Court said, at pages 284 and 285:

> "At the outset, we observed that, in our opinion, it is not proper for the municipal courts, the circuit courts for the counties or for the Criminal Court of Baltimore to make a finding of 'Probation without Verdict' as to a particular of-

fense charged and at the same time impose a pecuniary penalty or fine for that offense. The two actions are inconsistent with each other."

After further discussion of the subject, the Court said at page 287:

"It is our opinion that a monetary fine, penalty or charge payable to the State may only be imposed upon an accused if there is a finding of guilt, either after a trial on the merits or upon valid pleas of guilty or *nolo contendere*. Such an imposition is inconsistent with the granting of probation without finding a verdict."

It is clear to us that § 641 authorizes the courts to make either of two dispositions of a case, not theretofore available to them, and with either disposition, to make such conditions as they may deem proper. The posture of the case appropriate to each of the two alternative dispositions is set forth in the preceding one-sentence paragraph of the section, but the two prerequisites are separable. The effect is as if the section were to be read, in part, as follows:

1. The courts, *before* conviction of any person accused of crime, with the written consent of the person so accused, are empowered to place such person on probation without finding a verdict.
2. The courts, *after* conviction of any person accused of crime, or after a plea of guilty or nolo contendere, without his consent, are empowered to suspend the imposition of sentence.
3. In either event, the court is empowered to make such conditions as it may deem proper.

Procedurally, when a judge concludes to place an accused on probation without finding a verdict, and the accused consents in writing, there must be in the case an indictment (Maryland Rule 702 a) or a charging document (Maryland District Rule 702 a) and there may be

a plea of not guilty, but there may not be a plea of guilty or of nolo contendere. Should there be either of the latter, the judge should grant leave to withdraw it, or should order it stricken. Only then is the case in proper posture for placing the accused on probation without finding a verdict.[5]

Should the probation thus granted be revoked at a subsequent hearing for that purpose, the case reverts to its status at the time the probation was granted, and determination of guilt, by plea or trial, must follow before any sentence may be imposed.

It follows that the order striking probation in this case should be affirmed, but that the entry of a verdict on the plea of guilty must be reversed, and the sentence then imposed must be vacated.

> *Order of October 18, 1971*
> *that probation be stricken*
> *is affirmed; the entry of a*
> *verdict on the plea of guilty*
> *is reversed; the sentence*
> *imposed is vacated, and the*
> *case remanded for further*
> *proceedings in accordance*
> *with this opinion.*
> *Costs to be paid by Prince*
> *George's C o u n t y, Mary-*
> *land.*

5. What we say here is applicable to proceedings under Code, Art. 27, § 641 and Art. 26, § 146, but is not applicable to the special proceedings under Art. 27, § 292.