## NORMAN T. DUPPINS *v.* STATE OF MARYLAND

[No. 390, September Term, 1972.]

*Decided April 9, 1973.*

The cause was argued before THOMPSON, CARTER and SCANLAN, JJ.

Submitted on brief by *Stephen L. Snyder* for appellant.

*Gary Melick, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *James Sherbin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Norman T. Duppins, appellant, was indicted for possession of heroin in Baltimore City, Indictment No. 2200 of 1970. On July 31, 1970, the case came up for

trial before a judge in the Criminal Court of Baltimore. The docket entries show that on that date Duppins was granted "Probation before Verdict" and· that "Judgment: Probation c/o Probation Dept. for two (2) yrs. to begin at expiration of sentence now serving and pay court costs."

After release from service of the prior unrelated sentence, Duppins began serving his two years probation. During that time, on May 8, 1972, a warrant for violation of probation was issued and returned. On May 24, Duppins was brought for a hearing before the same judge who had originally granted him "Probation before Verdict." The transcript shows that after the hearing for violation of probation was completed the trial judge explained his verdict and announced, "Therefore, the verdict is guilty of violation of probation, and the defendant is found guilty of the first count of Indictment No. 2200 of 1970." At the revocation hearing no evidence concerning the possession of heroin charge had been received. It developed later that the trial judge was relying on notes he had made at the trial 22 months before.

Duppins does not contest the finding made at the hearing below that he violated the conditions of his probation. His sole contention on appeal is that the hearing judge, despite his assertion that he remembered the prior proceeding and had his notes therefrom before him, was in error when he found Duppins guilty on the first count of the indictment under which Duppins had been originally brought before him. We hold there was not sufficient evidence to support that conviction and therefore the judgment of the lower court was clearly erroneous. The State's argument that neither objection nor motion for a judgment of acquittal was made below and therefore this question is not before us is not well founded. Our review of the sufficiency of the evidence to support a verdict reached by a trial judge sitting without a jury depends neither upon an objection nor

upon a motion to acquit. Md. Rule 1086. *Williams v. State,* 5 Md. App. 450, 247 A. 2d 731.

In *Bartlett v. State,* 15 Md. App. 234, 289, A. 2d 843,[1] we held that it was error for a judge of the Circuit Court for Prince George's County to enter a verdict based on the appellant's plea of guilty at the prior proceedings in which accused had been granted probation before verdict under Md. Code, Art. 27, § 641. We said:

> "Should the probation thus granted be revoked at a subsequent hearing for that purpose, the case reverts to its status at the time the probation was granted, and determination of guilt, by plea or trial, must follow before any sentence may be imposed." (15 Md. App. at 241).

The State argues that *Bartlett v. State, supra,* should be limited to its facts, *i.e.* it should be applicable only where there has been a guilty plea filed in the original proceedings. We are unable to follow the rationale of the argument. If the granting of probation without verdict aborts a trial where there has been a guilty plea filed there would seem to be more reason that a trial should be aborted where the accused has never admitted guilt. In either case the court has found no verdict. If a new trial is required in one case, more cogent reasons require a new trial in the other case. The transcript of the first trial is not included in the record before us. We do not know at what stage of the trial the judge decided to grant probation before verdict. For all we know it could have been at the end of the State's case. Whatever the posture of the case, it seems to us that under *Bartlett v. State, supra,* the accused is entitled to a complete trial after his probation before verdict is revoked.

The State argues further that the court was proceeding under § 22-83 of the Code of Public Local Laws of

---

1. This opinion was adopted by the Court of Appeals January 3, 1973, No. 129 Sept. Term 1972.

Baltimore City and not under Md. Code, Art. 27, § 641. There may be some doubt as to the viability of this section of the Public Local Laws, compare *Skinker v. State,* 239 Md. 234, 210 A. 2d 716, footnote 1 with *State v. Jacob,* 234 Md. 452, 199 A. 2d 803, footnote 2. There is no need for us to resolve the question because under either statute the result would be the same.

Chapter 132 of the Laws of Maryland, 1931, added new sections to the Code of Public Local Laws of Maryland relating to Baltimore City to empower the Supreme Bench of Baltimore City, for the first time, to create a probation department and among other related matters, regulate the use of probation. Sec. 351-D, now Sec. 22-85 of the Code of Public Local Laws of Baltimore City, specified that a probationer may be brought before the court to answer charges that he violated a condition of his probation. The statute says in part:

> "If at such hearing the person accused be found by said Court to have violated any of the terms of said conditions of probation said Court may revoke the probation granted or suspension of sentence, and may impose any sentence, to take effect from its date, which it might have originally imposed for the crime of which said traverser, probationer, or person accused was either convicted or to which he pleaded guilty or nolo contendere; *or if neither conviction nor plea of guilty or nolo contendere was had, then the person accused may be tried on said indictment or charge."* (Emphasis added).

In the instant case there was neither a plea of guilty nor of nolo contendere, therefore, there must be a trial and not simply the entry of a verdict. The rationale of *Bartlett v. State, supra,* is in accord.

Duppins signed a consent for the order for probation which reads:

"The Defendant hereby consents to the entry of an Order placing him on Probation upon the conditions set forth herein, and further agrees that in any subsequent proceedings under this Indictment, the transcript of testimony of witnesses at any hearing thereunder shall be admissible in evidence in any such subsequent proceedings, whether or not such witnesses are available."

The State would have us construe this consent as a waiver by the probationer of any right he may have to be tried should his probation subsequently be revoked. Such a construction of appellant's consent is in error. His consent is specifically limited to an acceptance of the entry of the order of probation and the use of recorded testimony in any subsequent hearing under the original indictment. The latter part of the probationer's agreement operates to allow the admission into evidence, in lieu of their appearance at any subsequent hearing, of the recorded testimony of witnesses who appeared at the pre-probation proceedings; it in no way operates as a waiver of his right to be tried should the State elect to proceed on the indictment after the revocation of his probation.

> *Judgment finding appellant in violation of the conditions of his probation affirmed; judgment entered on indictment 2200/1970 reversed.*
> *Case remanded for new trial.*