496 A.2d 312

**Dennis Wayne MYERS, Sr.**

v.

**STATE of Maryland.**

**No. 80, Sept. Term, 1984.**

Court of Appeals of Maryland.

Sept. 5, 1985.

Julia Doyle Bernhardt, Asst. Public Defender, Baltimore, for appellant; Alan H. Murrell, Public Defender, Baltimore, on brief.

Jillyn K. Schulze, Asst. Atty. Gen., Baltimore, for appellee; Stephen H. Sachs, Atty. Gen., Baltimore, on brief.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and W. Albert Menchine, Associate Judge cf the Court of Special Appeals (retired) specially assigned.

COLE, Judge.

The issue of first impression presented in this case is whether a person who is found guilty of perjury, but who is given probation before judgment, is competent to testify. This issue arises by virtue of Md.Code (1974, 1984 Repl. Vol.), § 9–104 of the Courts and Judicial Proceedings Article (Courts Article), which provides that "[a] person *convicted* of perjury may not testify." (Emphasis supplied).

Pursuant to an Agreed Statement of Facts under Md. Rule 828g, the facts are not in dispute. Appellant, Dennis Wayne Myers, was indicted for first degree murder by a grand jury sitting in the Circuit Court for Washington County. At trial, the State offered the testimony of appellant's wife, Darlene, to establish his criminal agency. At the conclusion of her testimony, appellant moved to strike Darlene's testimony on the ground that she had previously been found guilty of perjury [1] and was therefore incompe-

---

**1.** "The offense of perjury consists of swearing falsely and corruptly, without probable cause of belief. To be willful, the false oath must be deliberate and not the result of surprise, confusion or bona fide

tent to testify as a witness. In denying the motion, the Circuit Court for Washington County found that although Darlene had been found guilty of perjury, she had been given probation before judgment and was presently on probation. As a result, the trial court concluded that Darlene had not been convicted of perjury within the meaning of § 9–104 of the Courts Article and was thus competent to testify. Appellant was thereafter convicted of first degree murder and was sentenced to life imprisonment. The Court of Special Appeals affirmed his conviction and sentence in an unreported per curiam opinion filed March 6, 1984. We granted certiorari to consider this important evidentiary issue, and we now affirm.

I

Appellant basically contends that a finding of guilt and the imposition of probation before judgment constitutes a conviction that renders the witness incompetent to testify. In support of this contention the appellant offers two arguments. First, appellant apparently believes that the finding of guilt made against the witness in the perjury proceeding is indistinguishable from a perjury conviction for purposes of § 9–104. According to appellant, the witness was afforded the right to a trial, the court made a final determination of guilt, and, because probation is a form of punishment, the witness was punished for perjury. Second, appellant claims that the purpose of § 9–104 would be frustrated if the witness were found competent. Under this line of reasoning, appellant asserts that a witness who has been found guilty of perjury, but who has received probation before judgment, is no more worthy of credit than a witness given a harsher punishment for perjury. Upon our review of the relevant law, we are not persuaded by these arguments.

mistake[.]" *State v. Devers,* 260 Md. 360, 372, 272 A.2d 794, 800, *cert. denied,* 404 U.S. 824, 92 S.Ct. 50, 30 L.Ed.2d 52 (1971).

A.

The statutory disqualification of convicted perjurers set forth in § 9–104 of the Courts Article has long been the law in Maryland. For example, as early as 1860 a Maryland statute provided that "[n]o person *convicted* of perjury ... shall be received as a witness until the judgment against him be reversed." *See* Md.Code (1860), Art. 37, § 4 (superseded) (emphasis supplied). In 1864, the General Assembly repealed former § 4 and reenacted it as § 1 to read that "no person who has been *convicted* of the crime of perjury shall be admitted to testify in any case or proceeding whatever[.]" *See* 1864 Md.Laws 109, § 1 (emphasis supplied). Then, as now, the operative term is "convicted." Because the General Assembly has not seen fit to provide a definition for this term, our task is to ascertain its meaning in the context of § 9–104.

At common law a person was not "convicted" of a crime until the court entered a judgment on the finding of guilt. *See* 2 J. Wigmore, *Evidence in Trials at Common Law* § 521, at 731 (J. Chadbourn ed. 1979). In today's usage, however, the meaning of "convicted" and "conviction" turns upon the context and purpose with which those terms are used. *See Hunter v. State,* 193 Md. 596, 606–07, 69 A.2d 505, 509–10 (1949); *see also Conlow v. State,* 441 A.2d 638, 639 (Del.1982) (per curiam) ("The meaning of the term 'convicted' or 'conviction' varies according to the context and purpose of the particular provision—statutory or constitutional—in which it appears or to which it relates."); *State v. Ege,* 274 N.W.2d 350, 355 (Iowa 1979) ("The word 'conviction' may have different meanings within different contexts."). For example, in its general and popular sense "conviction" means the establishment of guilt prior to, and independent of, the judgment of the court. *See, e.g., State v. Hanna,* 179 N.W.2d 503, 507–08 (Iowa 1970); *State v. Delashmutt,* 676 P.2d 383, 384 (Utah 1983) (per curiam); *State v. Herman,* 93 Wash.2d 590, 595–96, 611 P.2d 748, 751 (1980). By contrast, in its legal and technical sense this term means the final judgment and sentence rendered by a

court pursuant to a verdict or plea of guilty, and it is frequently used to denote the judgment or sentence. *See, e.g., State v. Superior Court,* 1 Storey 178, 51 Del. 178, 141 A.2d 468, 472 (1958) (" '[C]onviction' means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to a conviction."); *Vasquez v. Courtney,* 272 Or. 477, 480, 537 P.2d 536, 537 (1975) ("The second, more technical meaning [of conviction] refers to the final judgment entered on a plea or verdict of guilty. In [this] case conviction has not been accomplished until the judgment is made by the court."); *Parker v. State Highway Department,* 224 S.C. 263, 268–69, 78 S.E.2d 382, 384 (1953) ("But the word [convicted] is also often used as including both the ascertainment of the guilt of the accused and the judgment thereon by the Court.").

Where, as here, the statute under consideration imposes a legal disability, courts have defined "conviction" in its legal and technical sense. As one commentator explained, "[t]hese courts reason that the legislature did not intend for valuable rights and privileges to be lost without a final judgment and sentence. In actuality, perhaps this interpretation was inspired by the judiciary's desire to aid the rehabilitation of those offenders whom it thought possessed a reformative potential." Special Project, *The Collateral Consequences of a Criminal Conviction,* 23 Vand.L.Rev. 929, 953–54 (1970) (footnotes omitted). This Court has consistently and repeatedly embraced this particular position. A brief review of several of our cases makes this point clear.

One of our first cases to analyze the meaning of "convicted" involved a turnpike repair statute that contained that word. *See Francis v. Weaver,* 76 Md. 457, 25 A. 413 (1892). The *Francis* Court, relying upon several English cases and a New York opinion, construed "convicted" in its strict legal sense to mean the judgment of the court. *Id.* at 467, 25 A. at 415.

Later, in two cases consolidated for appeal in *Hunter v. State, supra,* appellant was tried in one case for accepting a bet on a horse race in violation of Maryland law. During cross-examination, the State questioned appellant whether he had been convicted of keeping and maintaining a gaming table. Over objection appellant admitted that he had been so "convicted." On appeal, appellant claimed that although he had been found guilty of keeping and maintaining a gaming table, he had not been sentenced and therefore had not yet been convicted of that offense. Relying upon *Francis,* the *Hunter* Court, speaking through Chief Judge Marbury, observed that most courts interpret "conviction" to include "not only the verdict of a jury, but the imposition of a sentence or judgment." *Id.* [193 Md.] at 606, 69 A.2d at 509. Despite this observation, the Court declined to pass on the issue because Hunter by that time had been sentenced.

Eight years later this Court again considered whether a "conviction" is a determination of guilt or the judgment of the court on the verdict. *State v. Rappaport,* 211 Md. 523, 128 A.2d 270 (1957). In that case, Rappaport tendered a plea of guilty to a felony charge in 1944 before a New York state court. That court suspended Rappaport's sentence, placed him on probation, and ordered him to make restitution. Several years later Rappaport was indicted for feloniously voting in several Maryland elections between 1946 and 1952 under a statute that prohibited a "person who shall have been *convicted* of bribery, felony or other infamous crime" from voting in any Maryland election. *See* Md.Code (1951), Art. 33, § 193 (superseded) (emphasis supplied). The Circuit Court for Howard County, applying New York law, dismissed the indictment because a person was not considered "convicted" of an offense when he received a suspended sentence after a verdict of guilty. In so holding, the *Rappaport* Court noted that this conclusion was in harmony with *Symington v. State,* 133 Md. 452, 105 A. 541 (1919), where our predecessors stated that a finding

of guilt and suspension of sentence did not constitute a final judgment from which an appeal would lie.[2]

Most recently, in *Sigma Reproductive Health Center v. State*, 297 Md. 660, 665, 467 A.2d 483, 485 (1983), Judge Smith stated for this Court that "[t]he general rule in criminal cases is that no final judgment exists until after conviction and sentence has been determined[.]"

█ In view of these cases, it is inescapable that we have consistently equated a "conviction" with the judgment of the court on the verdict and not with the mere determination of guilt. Accordingly, unless the context in which the word is used indicates otherwise, a "conviction" is the final judgment and sentence rendered by a court pursuant to a verdict or plea of guilty. Thus, as we see it, a person is not "convicted" of an offense until the court enters a judgment upon the verdict of guilty. Given this interpretation, it would appear that the witness in the case *sub judice* had not been "convicted" of perjury because the court had not yet entered a judgment upon the verdict of guilty rendered in the perjury trial. We so qualify this interpretation because it remains to be seen whether the disposition of probation before judgment alters this interpretation. We turn, then, to consider that issue.

## II

### A.

Maryland's present probation before judgment statute, Md.Code (1957, 1982 Repl.Vol., 1984 Supp.), Art. 27, § 641, had its genesis in legislation enacted in 1955. *See* 1955 Md.Laws 436 (codified at Md.Code (1951, 1955 Supp.), Art. 27, § 726A). Under this 1955 law, certain circuit courts in

---

**2.** Of course, the proposition that one may not appeal from a suspended sentence was altered by the General Assembly, as evidenced by Md.Code (1974, 1984 Repl.Vol.), § 12–301 of the Courts and Judicial Proceedings Article. Section 12–301 provides in pertinent part that "[i]n a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended."

Maryland were given the authority to place a person accused of crime on probation without finding a verdict. Two years later the General Assembly extended this authority to all circuit courts by repealing and reenacting former § 726A with amendments. *See* 1957 Md.Laws 316; *see also Skinker v. State,* 239 Md. 234, 238–39, 210 A.2d 716, 718–19 (1965) (tracing history of statute); *State v. Jacob,* 234 Md. 452, 456–57, 199 A.2d 803, 805–06 (1964) (same). From the time of its enactment in 1955 until 1975, this statute authorized a court to place a "person on probation without finding a verdict[.]" In 1973, however, the Court of Special Appeals held that if a person were placed on probation without finding a verdict and a court subsequently revoked that probation, the court would be required to conduct a *de novo* trial on the original offense before the court could sentence the person. *See Bartlett v. State,* 15 Md.App. 234, 240–41, 289 A.2d 843, 846 (1972), *aff'd per curiam,* 267 Md. 530, 298 A.2d 16 (1973). This decision thus made clear that under these circumstances the granting of probation without finding a verdict did not amount to a conviction because the court could not enter judgment absent a finding of guilt.

In evident response to *Bartlett,* the General Assembly amended § 641 by inserting, *inter alia,* the phrase "after determination of guilt or acceptance of a nolo contendere plea" in lieu of the phrase "without finding a verdict." *See* 1975 Md.Laws 527. This amendment had a twofold effect. First, the amendment allowed a court to revoke probation after a hearing for that purpose and to impose a sentence for the original offense without the necessity of conducting a *de novo* trial on the merits. *See Stevens v. State,* 34 Md.App. 164, 170 n. 1, 366 A.2d 414, 418 n. 1 (1976). Second, this legislation continued the practice of allowing the trial judge, when granting the special dispensation, to defer the determination of the sentence to be imposed until and unless a violation occurred requiring such determination and disposition. This statute now reads in relevant part:

(a) *Probation after plea or finding of guilt; power of court to provide terms and conditions; waiver of right to appeal from judgment of guilt.*—(1)(i) Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person after determination of guilt or acceptance of a nolo contendere plea, may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate.

$$* \quad * \quad * \quad * \quad * \quad *$$

(c) *Fulfillment of terms of probation.*—Upon fulfillment of the terms and conditions of probation, the court shall discharge the person from probation. The discharge is final disposition of the matter. Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime.

Art. 27, § 641.

By this 1975 amendment, the General Assembly expressed its unmistakable intent that the disposition of probation before judgment not be a conviction. This intent is further supported by § 641(c) of Art. 27, which provides that satisfactory discharge from probation "is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime." Thus, a probationer who fulfills the terms and conditions of his probation avoids the stigmatizing effect of a criminal conviction.

■ Based on the foregoing, we hold that probation before judgment under § 641 is not a "conviction," and a person who receives probation before judgment is not convicted of the crime for which he has been found guilty,

unless the person violates the probation order and a court enters a judgment on the finding of guilt.[3]

### B.

The witness in the instant case, Darlene Myers, was found guilty of perjury, but was placed on probation before judgment. In view of the manner in which this Court has consistently defined "conviction" and "convicted," and in light of the characteristics of probation before judgment, we conclude that Darlene was not "convicted" of perjury within the meaning of § 9–104. As such, she was competent to testify at her husband's murder trial. That she had not been satisfactorily discharged from probation at the time of her testimony in this case does not, in our view, materially change this conclusion for the simple reason that the court had not revoked her probation and entered a judgment on the verdict of guilty.

Despite the above, appellant contends that this holding frustrates the legislature's intent in enacting the disqualification statute for convicted perjurers. We disagree. The General Assembly, as evidenced by its careful use of the dispositive terms associated with this case, obviously was aware that a situation such as this might arise. Had the General Assembly intended to disqualify those found guilty,

---

**3.** The Court of Special Appeals recently analyzed the issue of whether the entry of probation before judgment under Md.Code (1957, 1984 Supp.), Art. 27, § 292(b) amounted to a conviction. *See Tate v. Board of Educ. of Kent County,* 61 Md.App. 145, 485 A.2d 688, *cert. denied,* 303 Md. 42, 491 A.2d 1197 (1985). In that case, Chief Judge Gilbert wrote that "[w]e think that the circuit court erred in equating a guilty plea under § 292(b) with a conviction. Patently, there was no conviction since no judgment was entered and the probationary period had not terminated." *Id.* at 149, 485 A.2d at 690. In reaching this conclusion, the *Tate* Court reasoned:

> The obvious goal of the Maryland General Assembly in enacting § 292(b) was to afford a degree of protection to first offenders in certain controlled dangerous substance cases. To accomplish that end the legislature directed that those persons who are placed by the court on § 292 probation, and who satisfactorily complete that probation, shall not have a criminal record.

*Id.*

but not convicted, of perjury, it surely had the ability and knowledge to do so. *See, e.g.,* Courts Article §§ 10–904 to –905. Simply put, we cannot attribute the legislature's choice of words to careless draftsmanship or accident.

*JUDGMENT AFFIRMED.*

*APPELLANT TO PAY THE COSTS.*