582 A.2d 563

**SUPERVISOR OF ASSESSMENTS OF HOWARD COUNTY, et al.**

v.

**Peter C. SCHEIDT, et al.**

**No. 178, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Nov. 30, 1990.

Certiorari Denied March 22, 1991.

**156**

David M. Lyon, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Kaye Brooks Bushel, Asst. Atty. Gen., on brief), Baltimore, for appellants.

Charles M. Cahn, Jr. (Jane R. Luckey and Blades & Rosenfeld, P.A., on brief), Baltimore, for appellees.

Argued before ROSALYN B. BELL, KARWACKI and CATHELL, JJ.

ROSALYN B. BELL, Judge.

This appeal arises from the sale of real property, a portion of which was assessed as residential and a portion of which was assessed as agricultural. This sale triggered the imposition of the Agricultural Land Transfer Tax

(ALTT). Appellees, Peter Scheidt and Charles Cahn, Residuary Trustees u/w Prue Scheidt, deceased, paid the ALTT under protest. Appellant, the Supervisor of Assessments of Howard County (Supervisor), denied appellees' request for a refund of a portion of the ALTT. Appellees appealed this decision to the Maryland Tax Court. The Tax Court sustained the Supervisor's decision. Appellees then appealed to the Circuit Court for Howard County. The circuit court overturned the Tax Court's decision and remanded the case to the Tax Court for a further remand to the Supervisor for a recalculation of the ALTT. The Supervisor has filed this appeal.

■ The issues presented on appeal are as follows:

—Does Md.Tax–Prop. Code Ann. §§ 13–301 et seq., as applied, violate the due process clause of the Fourteenth Amendment of the United States Constitution?

—Does Md.Tax–Prop. Code Ann. §§ 13–301 et seq., as applied, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution? [1]

## FACTS

The facts of this case are not in dispute. Appellees owned a 64–acre parcel of land. Three acres were assessed as residential property. The remaining 61 acres received an agricultural use assessment. Appellees transferred approximately 3.75 acres of land which included the three acres assessed as residential for a total consideration of $425,000. Because approximately three-quarters of an acre was assessed as agricultural, the transfer triggered the ALTT.

---

1. The Supervisor argues that this issue was not discussed or determined in either the Tax Court or the circuit court. An equal protection argument, however, was made in the pleadings at the circuit court level. Therefore, this issue was raised in the circuit court and, hence, preserved for our review. Rule 8–131(a).

Where a transfer involves both agricultural and non-agricultural land, the Supervisor must calculate the portion of the consideration paid attributable to the agricultural land. The formula for this calculation is the difference between the contract price and the value of the non-agriculturally assessed property as that value appears on the assessment rolls. This subtotal is then multiplied by the appropriate tax rate under the code. This amount is the tax due under the ALTT.

The ALTT on the transfer of this property was first estimated in April of 1987 at $8,094, based on a total assessed value of the residential property of $222,640. Appellees requested a reassessment of the residential property. In June of 1987, the residential property was reassessed at $253,590. This, along with the application of a lesser rate of tax, resulted in an ALTT of $5,142 for the April 1987 transfer of the 3.75 acres.

Appellees requested that the agricultural portion of the parcel be assessed at its market value ($5,000 to $10,000) and the ALTT calculated based on that value. The Supervisor indicated the fair market value had no impact on the calculation of the ALTT and refused the request. Appellees then appealed to the Maryland Tax Court.

The Tax Court noted that the formula for calculating the ALTT did not take into consideration the market value of agriculturally assessed land. It noted this method of computation was clearly set forth in a previous codification (Art. 81, § 278F) and in COMAR (18.05.01.01). The Tax Court held that this method is consistent with the ALTT's purpose. It also stated that, if the Legislature wanted the tax computed based on fair market value, it could have easily so provided. The Tax Court upheld the method of computation and affirmed the imposition of the ALTT at $5,142. Appellees appealed to the Circuit Court for Howard County.

The circuit court noted that the Supervisor had correctly applied the method for calculating the ALTT. It stated that

the sole purpose of the ALTT is to recoup tax revenue on land that had previously had a favorable agricultural assessment. The circuit court held that the amount of the tax in this case was out of proportion to the amount of revenue lost while the land was assessed as agricultural. The circuit court stated that the amount of the tax, in this case, was tantamount to a punishment for farming. The court determined that the result was arbitrary and irrational and declared that the computations violated the due process provisions of the Fourteenth Amendment. It remanded the case for a recalculation of the tax based on the fair market value of the three-quarters of an acre. The Supervisor has appealed this decision.

We disagree with the circuit court and reverse its judgment.

## SCOPE OF REVIEW

■ Where the primary purpose of a tax is to raise revenue, the amount of the tax is not reviewable by the courts. *Maryland Theatrical Corp. v. Brennan,* 180 Md. 377, 381, 24 A.2d 911 (1942). The fact that the tax at issue in this case is a revenue raising tax, *Vournas v. Montgomery County,* 53 Md.App. 243, 249, 452 A.2d 1263 (1982), *aff'd,* 300 Md. 123, 476 A.2d 705 (1984), is not in dispute. Appellants argue, therefore, that neither the amount of the tax assessed in this case nor the formula used to calculate that amount are reviewable. We agree that, if the formula is constitutionally sound, the amount of the tax assessed is not reviewable. Nevertheless, this Court retains the power to review whether the formula or method for computing the tax is constitutionally valid. *See Lane Const. Corp. v. Comptroller of the Treasury,* 228 Md. 90, 178 A.2d 904 (1962) (taxpayer challenged the constitutionality of Maryland's use tax because the value placed on the property under the statutory formula greatly exceeded its fair market value).

In determining the constitutionality of a statute, there is a strong presumption of validity. *Cider Barrel Mobile Home Court v. Eader,* 287 Md. 571, 579, 414 A.2d 1246 (1980); *Lane Const.,* 228 Md. at 97, 178 A.2d 904. Therefore, the burden of showing that the statute is unconstitutional is on the party attacking the statute's validity. *Comprehensive Accounting Serv. Co. v. Maryland State Bd. of Public Accountancy,* 284 Md. 474, 483–84, 397 A.2d 1019 (1979). If any state of facts can be conceived that would sustain the constitutionality of the statute, the existence of that state of facts as a basis for the statute must be assumed. *Supermarkets Gen. Corp. v. State,* 286 Md. 611, 617, 409 A.2d 250 (1979), *appeal dismissed,* 449 U.S. 801, 101 S.Ct. 45, 66 L.Ed.2d 5 (1980). Our function is not to pass upon the wisdom of such legislation, but to ascertain whether the statute exceeds constitutional limits. *State v. Wyand,* 304 Md. 721, 726, 501 A.2d 43 (1985), *cert. denied,* 475 U.S. 1095, 106 S.Ct. 1492, 89 L.Ed.2d 893 (1985).

## DUE PROCESS

We note at the outset that § 13–306 of the Property Tax Article specifically provides that a substantial portion of the revenue raised by the ALTT be remitted into the Woodland Incentives Fund and the Maryland Agricultural Land Preservation Fund. Md.Tax–Prop. Code Ann. § 13–306 (1986, 1990 Cum.Supp.). We conclude from this provision that at least one of the purposes of the ALTT is to fund the preservation of farmland and woodland. Therefore, while we agree with the circuit court that the ALTT seeks to recoup property taxes lost while a parcel of land is favorably assessed as farmland, *Vournas,* 53 Md.App. at 249, 452 A.2d 1263, we specifically reject the circuit court's conclusion that this is the *sole* purpose.

Appellees urge us to affirm the circuit court's decision that the formula mandated by statute denies them due process of law. We must determine whether the formula is "so haphazard, arbitrary or capricious as to constitute a

denial of due process of law." *State Dept. of Assessments & Taxation v. Greyhound Computer Corp.*, 271 Md. 575, 592, 320 A.2d 40 (1974). We hold that the formula is not "haphazard, arbitrary or capricious" and thus does not deny due process of law. We explain.

The formula for determining the amount of consideration allocable to the transfer of farmland is as follows: the assessed value of all improvements plus the assessed value of all non-agricultural land is subtracted from the total consideration. On its face, this formula is logical and should represent the value of the farmland that has been transferred.

Maryland's Tax–Property Article provides that "value" means the full cash value of property. Md. Tax–Prop. Code Ann. § 1–101(*ll*) (1986). Thus, if the non-agricultural land and the improvements are assessed at their full cash value, subtracting their assessed value from the total consideration received should leave the full cash value of the agricultural land. The formula does not grossly distort the amount of consideration allocable to agricultural land if the residential property and improvements are assessed at their full cash value.

In the instant case, appellees argue that the formula, as applied to them, denies them due process of law. Appellees, however, after they received the estimated ALTT, asked for and received a reassessment of their residential property. If that reassessment grossly undervalued their property, appellees could have appealed, but they chose not to do so.[2] The fact that appellees were unwilling to pursue an appeal of the reassessment because it would work to the disadvantage of their purchaser and new neighbor is irrelevant. Appellees cannot accept a more favorable residential assessment to save on property taxes and then complain that that assessment distorts the value of their agricultural land when both are transferred together.

---

**2.** Appellants point out that one element of the value of this property is its historic significance, which is difficult to quantify or assess.

Taxpayers need not pay more than their fair share of taxes and may use the tax laws to their advantage. Appellees may be charged with knowledge of the tax laws. They might have avoided the heavy tax burden in this case by transferring the agricultural land at its market value separately from the residential land. We have no way of knowing whether this was possible under the existing zoning. But if it was not feasible, they certainly could have refused to sell any of the agricultural land. The fact that appellees made a poor business decision does not invalidate this statute.

Appellees also argue that the more equitable method of computing the ALTT would be to assess the farmland at its market value separately from the residential land. This may be true in this case, but it misses the issue. Simply because an alternative is feasible, which when applied to them would be more equitable, does not invalidate the statutory formula. We, therefore, hold that the present formula for calculating the consideration allocable to agricultural land has a rational basis in fact and does not deny appellees due process of law.

## EQUAL PROTECTION

Appellees also argue that the formula for determining the amount of consideration allocable to the agricultural land violates the equal protection clause of the United States Constitution. To overcome the presumption of validity, however, a taxpayer must show that the classification created by the statute constitutes a hostile and oppressive discrimination against particular persons or classes. *Hooks v. Comptroller of the Treasury*, 265 Md. 380, 388, 289 A.2d 332 (1972).

The equal protection clause does not require exact mathematical equality in the assessment of taxes. *Nordheimer v. Montgomery County*, 307 Md. 85, 102, 512 A.2d 379 (1986). It also does not require abstract symmetry or mathematical nicety. *Allied America Co. v. Commission-*

*er*, 219 Md. 607, 623, 150 A.2d 421 (1959). It permits great variety and flexibility appropriate to reasonable schemes of state taxation. *Nordheimer*, 307 Md. at 102, 512 A.2d 379. Absent a showing that a tax scheme is without any reasonable basis and is entirely arbitrary, the fact that the tax treats certain transactions or taxpayers differently does not amount to a violation of equal protection. *Hooks*, 265 Md. at 388–89, 289 A.2d 332.

As discussed previously, the formula for computing the tax has a rational basis and is not arbitrary. Appellees argue, however, that the application of the formula to mixed residential and agricultural land transfers creates a classification that is hostile and oppressive to landowners whose residential property is underassessed. In a mixed transfer, if the residential property is underassessed, the seller will pay considerably more in taxes under the formula than sellers whose property is properly assessed or sellers who transfer agricultural land in a separate transaction.

The United States Supreme Court, however, has noted that the equal protection clause necessarily tolerates occasional mistakes of judgment when valuing property for tax purposes. *Allegheny Pittsburgh Coal Co. v. County Comm'r of Webster County, West Virginia*, 488 U.S. 336, 109 S.Ct. 633, 638, 102 L.Ed.2d 688 (1989). The equal protection clause is violated only where state officials engage in intentional systematic undervaluation of some property in the same class of property. *Allegheny Pittsburgh*, 488 U.S. at 345, 109 S.Ct. at 639. Appellees have not produced any evidence of intentional systematic undervaluation of certain parcels of property in the same class. Moreover, appellees have not shown that the statute creates a classification which is hostile and oppressive to particular persons or classes. An explicit demonstration of such a classification is required to overcome the presumption of constitutionality. *Madden v. Kentucky*, 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590 (1940). The mere fact that the formula in the statute costs appellees more than another formula would does not render the statutory formula un-

fair. The Legislature is not to be shackled by the constitutional need for equal protection unless its exercise of discretion as to who is to be regulated and taxed is without a reasonable basis or is entirely arbitrary. *Allied American Co.*, 219 Md. at 623, 150 A.2d 421. Therefore, we hold that the statutorily mandated formula for computing the amount of consideration allocable to the agricultural land transferred in a mixed residential-agricultural land transaction does not violate equal protection.

JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY VACATED.

CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO ENTER A JUDGMENT AFFIRMING THE JUDGMENT OF THE MARYLAND TAX COURT.

COSTS TO BE PAID BY APPELLEES.