636 A.2d 499

**Richard N. MOSEMAN, et al.**

v.

**COUNTY COUNCIL OF PRINCE GEORGE'S COUNTY, Maryland, Sitting as the District Council, et al.**

**No. 864, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Jan. 31, 1994.

Robert A. Manzi (Daniel F. Lynch and Knight, Manzi, Brennan, Ostrom & Ham, P.A. on the brief), Upper Marlboro, for appellants.

Joyce Birkel Nichols of Upper Marlboro, for appellee, County Council of Prince George's County.

J. Carroll Holzer (Holzer and Lee on the brief for appellee, Mattaponi Basin Citizens Ass.), Towson, for appellees.

Argued before GARRITY, ALPERT and DAVIS, JJ.

GARRITY, Judge.

This appeal arises from the April 6, 1993 Order of the Circuit Court for Prince George's County (Platt, J.) that affirmed the decision of the County Council of Prince George's County, sitting as the District Council, denying an application for Special Exception 4029, (SE 4029), seeking permission to operate a rubble fill.

## FACTS

On March 4, 1991, Richard N. Moseman, Daniel Rousseau, and Blake Van Leer, appellants, filed an application for a Special Exception to operate a rubble fill pursuant to Section 27–406 of the Prince George's County Code. A portion of the property is currently being mined for sand and gravel under Special Exception 3930, (SE 3930), approved in November of 1988. The property is surrounded by undeveloped land, "scenic" property, historic sites, a rubble fill, a surface mining operation, and single family homes utilizing well and septic systems.

In 1991, both the Technical Staff and the Planning Board of the Maryland National Capital Park and Planning Commission recommended approval of the application subject to several

conditions. The Zoning Hearing Examiner, after three days of evidentiary hearings, recommended denial based upon the County Scenic Roads Study of 1984 and the adverse impact on the health, safety, and welfare of the area's residents. Appellants filed exceptions and, after oral argument, the County Council of Prince George's County, sitting as the District Council, denied the application. Upon appeal to it, the Circuit Court for Prince George's County granted a Motion To Intervene filed by six citizens who own property close to the proposed rubble fill. After oral argument and reviewing Memoranda of Law submitted by the parties, the court affirmed the District Council. Appellants present two issues for our review:

1. Whether the issue before the District Council as to the grant or denial of the special exception was fairly debatable; and

2. Whether the District Council's decision, in light of its approval of SE 3930, was arbitrary, illegal, and capricious.

### DISCUSSION OF LAW

#### The District Council's Denial of SE 4029

The circuit court's and our own standard of review is limited to whether the administrative agency's decision is in accordance with the law or whether it is arbitrary, illegal, and capricious. *Mortimer v. Howard Research*, 83 Md.App. 432, 441, 575 A.2d 750, *cert. denied*, 321 Md. 164, 582 A.2d 499 (1990) (citations omitted). The test is whether the question before the District Council was fairly debatable, that is to say, whether the decision of the agency "is supported by substantial evidence on the record taken as a whole." *Id.*, (citations omitted). Our role is to determine whether the circuit court erred. *Id.*, 83 Md.App. at 442, 575 A.2d 750.

In determining whether there was substantial evidence to support the agency's decision, if there was evidence from which a reasonable person could come to different con-

clusions, this Court will not substitute its judgment for that of the administrative agency, even if we might have reached a different conclusion independently. *Eger v. Stone,* 253 Md. 533, 542, 253 A.2d 372 (1969). Specifically, as to special exception proceedings:

> [t]he special exception use is a part of the comprehensive zoning plan sharing the presumption that, as such, it is in the interest of the general welfare, and therefore, valid. The special exception use ... delegates to an administrative board a limited authority to allow enumerated uses which the legislature had determined to be permissible *absent any fact or circumstance negating the presumption.*

*Schultz v. Pritts,* 291 Md. 1, 11, 432 A.2d 1319 (1981) (emphasis in original). Whether the presumption that the special exception use is in the interest of the general welfare is rebutted must be addressed by the District Council on a case-by-case basis. See *Sharp v. Howard County Board of Appeals,* 98 Md.App. 57, 86, 632 A.2d 248.

In the matter *sub judice,* Section 27–317(a) of the County Code requires the District Council to make certain findings in order to approve any special exception:

(1) the proposed use and site plan are in harmony with the purposes of this Subtitle; [1]

(2) the proposed use is in conformance with all the applicable requirements and regulations of this Subtitle;

(3) the proposed use will not substantially impair the integrity of any validly approved Master Plan or Functional

---

1. The pertinent purposes of the zoning ordinance are (1) to protect and promote the health, safety, morals, comfort, convenience, and welfare of the present and future inhabitants of the County; (2) to implement the General Plan, Area Master Plans, and Functional Master Plans; ... (5) to provide adequate light, air, and privacy; (6) to promote the most beneficial relationship between the uses of land and buildings and protect landowners from adverse impacts of adjoining development; ... (11) to lessen the danger and congestion of traffic on the streets, and to insure the continued usefulness of all elements of the transportation system for their planned functions. Prince George's County Code, Subtitle 27 (Zoning Ordinance), § 27–102(a) (1990 Ed.).

Master Plan, or, in absence of a Master Plan or Functional Master Plan, the General Plan;

(4) the proposed use will not adversely affect the health, safety, or welfare of residents or workers in the area;

(5) the proposed use will not be detrimental to the use or development of adjacent properties or the general neighborhood; and

(6) the proposed site plan is in conformance with an approved Tree Conservation Plan.

Prince George's County Code, Subtitle 27 (Zoning Ordinance), § 27–317(a) (1990 Ed.).

■ To determine whether the proposed use "adversely affect[s] the health, safety, or welfare of residents," the District Council must determine whether there are facts and circumstances that show that the particular use proposed at the particular location would have any adverse affect above and beyond those inherently associated with such a special exception use irrespective of its location in the permitted zone. *Schultz,* 291 Md. at 15, 432 A.2d 1319.

■ In denying the application, the District Council made the following findings and conclusions:

1. That the neighborhood surrounding the proposed special exception is primarily rural in nature, consisting mostly of rural homes and undeveloped agricultural land.

2. That there is a rubble fill currently in operation across from the proposed rubble fill, and this existing rubble fill is allowed to operate with unlimited truck trips.

3. That, given the existence of the adjoining rubble fill currently in operation, granting the proposed rubble fill would adversely impact the surrounding properties in a manner unique and different from the adverse impact that would otherwise result if a rubble fill were located elsewhere within the O–S Zone.

4. That the proposed rubble fill and its resulting increase in heavy truck traffic, stacking of trucks, and noise and

dust created by the proposed rubble fill would be an intrusion into this primarily rural neighborhood and would adversely affect the health, safety, and welfare of the residents in this area and would be detrimental to the use and/or development of adjacent properties and the general neighborhood.

5. That the proposed use is not in harmony with the purposes of the Zoning Ordinance.

6. That under the facts in the record, imposing conditions upon its approval of the proposed special exception would not adequately protect the health, safety and welfare of the residents in this area.

Appellants' basic objection to the evidence presented by opposing experts is that their testimony was not probative and therefore could not serve as a basis for substantive evidence. Appellants argue that much of that testimony was based upon miscalculation, a generalized bias against rubble landfills, and unreasonable comparisons. They further argue that any relevant opinions offered were rebutted by their experts.

Any opinion testimony is of no greater probative value than that allowed by the soundness of its foundation of reason and fact. *Anderson v. Sawyer,* 23 Md.App. 612, 618, 329 A.2d 716 (1974). A denial of a special exception based solely upon generalized fears or unsupported allegations of adverse effect is arbitrary and legally unwarranted. *See Rockville Fuel v. Board of Appeals,* 257 Md. 183, 191–93, 262 A.2d 499 (1970). As we examine the evidence, however, due deference will be given to the right of the District Council to draw reasonable inferences from facts and circumstances presented to it. *Board of County Comm'rs v. Holbrook,* 314 Md. 210, 218, 550 A.2d 664 (1988).

Upon review of the voluminous record before us, we agree with the circuit court's well reasoned opinion that, although there was some testimony that lacked adequate relevancy or probative value, there was also substantial relevant, competent, and probative evidence to support the Council's decision.

Appellants contend that their application and plans conform to all state and local requirements. Assuming, *arguendo,* that this is true, appellants still must address the adverse effect this proposed rubble fill might have on this particular area as opposed to elsewhere in the O–S zone. While appellants argue that there is nothing unique about this site that should preclude permitting a rubble fill operation because there is an approved and operational rubble fill across the street, what makes this site unique is the very fact that there already is an existing rubble fill across the street. The District Council recognized the unique problem the cumulative impact of two adjacent rubble fills would have on a single community by concluding that "given the existence of the adjoining rubble fill currently in operation, granting the proposed rubble fill would adversely impact the surrounding properties in a manner unique and different from the adverse impact which would otherwise result if a rubble fill were located elsewhere within the O–S Zone."

Further, there is evidence that the proposed site does not conform with all the requirements in the Prince George's County Code, most notably the adverse effect on the health, safety, or welfare of the surrounding community. The only existing access to the site is a 20 foot wide, winding, public street without shoulders. Single family homes are on both sides. Residents testified to the existence of odor, noise, spillage of debris, and traffic backups from the existing rubble fill. While it is true that any rural neighbor of a rubble fill would endure many of these same hardships, what is unique is that these particular residents would have to endure two rubble landfills. Additionally, there was expert testimony that the soil on this site is of such poor quality that erosion has caused aquatic damage to a nearby stream, and that until off-site sediment loss is reduced, continued ecological harm and destruction of wetlands and stream habitat will continue. Further, there was expert testimony that the possibility of toxins inappropriately dumped at the site posed a risk to this community because it relies on well water, and the proposed liner the appellants wish to use would be subject to failure

because of the configuration of this particular site. Finally, there was testimony that the value of adjacent property would fall as the result of the close proximity of another rubble fill.

Appellants argue that they successfully rebutted each opposing expert's testimony by cross-examination or the testimony of their expert. It is not for this Court to re-weigh expert testimony as long as there is adequate foundation for the opinions. Even if this Court were to have concluded differently than the District Council from the same testimony, we would not engage in relitigating a battle of the experts. The issue is whether there is competent, probative, and substantial evidence from which the District Council could have reasonably reached its conclusions. We hold that there is substantial evidence of harmful effect from locating the rubble fill at this particular site and that the evidence produced a fairly debatable question. We hold, therefore, that the circuit court did not err in affirming the District Council.

### *The District Council's Decision in Light of Its Approval of SE 3930* [2]

To find the previous grant of a special exception relevant to the denial of this exemption, the proposed uses would have to be identical. *See Aspen Hill Venture v. Montgomery County Council*, 265 Md. 303, 317–18, 289 A.2d 303 (1972) (in zoning case involving denial of commercial use on sole ground of lack of need for such use, subsequent grant of commercial use to a nearby tract is admissible for the limited purpose of determining whether the administrative body acted arbitrarily). The evidence does not make the analogy to *Aspen Hill* a compelling or dispositive one. The present disapproval of a 235.08 acre rubble fill despite the prior approval of a 60.64 acre mining operation on a portion of the same property does not render the District Council's decision arbitrary. That proposed conditions would limit truck traffic

---

**2.** Although there is some question as to whether this issue was adequately preserved for appeal, we believe that the record is adequate and proceed.

to the currently allowable number of trips to and from the site under SE 3930 does not address the remaining concerns of odor, noise, possible toxin pollution of the watershed, potential for vermin, and debris falling from trucks that remain at issue. For all the above stated reasons, we affirm.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED;  COSTS TO BE PAID BY APPELLANTS.**