651 A.2d 390

Herman L. CURRY

v.

DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONAL SERVICES.

DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONAL SERVICES

v.

Paul O. FLAGG.

Nos. 360, 553, Sept. Term, 1994.

Court of Special Appeals of Maryland.

Dec. 30, 1994.

Thomas P. Lydon, Towson, for appellant, Curry.

Susan L. Howe, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellant Dept. of Public Safety and Correctional Services.

Thomas P. Lydon (Law Offices of J. Edward Davis, on the brief), Towson, for appellee Flagg and appellant Curry.

Alan D. Eason and Susan L. Howe, Asst. Attys. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee Dept. of Public Safety and Correctional Services.

Argued before BISHOP, WENNER and DAVIS, JJ.

DAVIS, Judge.

We consider in these two appeals the issue of whether the State may impose a disciplinary suspension upon an employee in a sensitive classification for an off-duty alcohol-related offense for which he received probation before judgment.

Herman L. Curry, appellant in Appeal No. 360 and Paul O. Flagg, appellee in Appeal No. 553, are corrections officers employed by the Department of Public Safety and Correctional Services (Department). Curry and Flagg were separately arrested for driving under the influence of alcohol. Curry was found guilty by the Circuit Court for Anne Arundel County; Flagg was found guilty by the Circuit Court for Washington County; and both were granted probation before judgment.[1] Each employee was suspended from work without pay for five days on the basis of Division of Correction Directive (DCD) 50–2. Directive 50–2 contains the Division of Correction's internal disciplinary rules and procedures and allows the Department to discipline employees who are convicted of alcohol-related offenses. The directive defines "conviction" to include situations where the employee is granted probation before judgment. The employees appealed their suspensions to the Office of Administrative Hearings, and two administrative law judges (ALJs) recommended that the Secretary of Personnel (Secretary) uphold the suspensions. After hearings before the Secretary's designees, the Secretary adopted the ALJs' findings and conclusions of law and sustained both suspensions. The Circuit Court for Anne Arundel County affirmed Curry's suspension, from which Curry appeals. The

---

1. A court exercising criminal jurisdiction may award probation before judgment after a determination of guilt or acceptance of a plea of nolo contendere, where the court is satisfied that the best interests of the person and the State will be furthered thereby. Md.Ann Code art. 27, § 641(a) (1992 Repl.Vol.). Probation before judgment involves staying the entry of judgment, deferring further proceedings, and placing the person on probation, subject to reasonable terms or conditions. *Id.* While a probation before judgment has been considered a final judgment for purposes of a statute governing the State's right to appeal, *State v. Hannah*, 307 Md. 390, 401–02, 514 A.2d 16 (1986), it is not a final judgment for most purposes, unless and until the probationer violates the terms of the probation. *Jones v. Baltimore City Police Dep't.*, 326 Md. 480, 488, 606 A.2d 214 (1992); *Myers v. State*, 303 Md. 639, 647–48, 496 A.2d 312 (1985). If the probationer fulfills the terms of the probation, the person is entitled to have all police and court records of the proceeding expunged. *Jones*, 326 Md. at 488, 606 A.2d 214.

Circuit Court for Washington County reversed Flagg's suspension, from which the Department appeals.

Appellant Curry asks us to determine the following question:

> In light of Md.Ann.Code Art. 27, Sec. 641, can the Division of Correction legally impose a five (5) day suspension under its regulations upon a correctional officer when the District Court has granted that officer Probation Before Judgment for an alcohol related offense which occurred off the work place?

The Department in Appeal No. 553 phrases the issue as follows:

> Did the lower court err in holding that a Division of Correction regulation is inconsistent with and in defiance of legislative intent and therefore invalid because it includes probation before judgment in its definition of conviction?

## FACTS

### Appeal No. 360

Appellant Herman Curry is a corrections officer at the Maryland Correctional Institution in Jessup, Maryland. On May 30, 1992, Curry was arrested and charged with driving under the influence of alcohol. Curry was off duty at the time of the incident. On September 14, 1992, the Baltimore County District Court found Curry guilty of driving under the influence and granted him probation before judgment. The following day, Curry's superiors at the Maryland Correctional Institution suspended him for five days without pay.

The Institution justified the suspension on the basis of DCD 50–2(III)(F)(2)(b). The directive provides, in pertinent part:

> An employee in a sensitive class or position who is convicted for any alcohol related offense not at the work place shall:

> (1) On the first conviction be suspended for a minimum of five (5) working days, be referred to the E[mployee] A[ssistance] P[rogram], be required to participate successfully in

a treatment program designated by the EAP, and in addition, be subject to other appropriate disciplinary actions, up to and including termination from State service.

Section I of the directive defines conviction as follows:

"Conviction" means a judgment of conviction, whether entered upon a finding of guilt or acceptance of a plea of nolo contendere and the imposition of a sentence *or the staying of the entry of judgment and the placing of the defendant on probation after a finding of guilty* or the acceptance of a plea of nolo contendere.

(emphasis added). The definition of "conviction" in DCD 50–2 parallels a governor's executive order establishing the State Substance Abuse Policy.

The parties did not dispute that Curry qualifies as an employee in a sensitive class or position,[2] or that he was arrested for an alcohol-related offense not at the work place. Curry argues that DCD 50–2 violates Article 27, § 641 of the Maryland Code. Section 641 provides:

(a) *Probation after plea or finding of guilt; terms and conditions; waiver of right to appeal from judgment of guilt.*—(1)(i)1. Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court ... may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate....

. . . . .

(c) *Fulfillment of terms of probation.*—Upon fulfillment of the terms and conditions of probation, the court shall discharge the person from probation.... Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any

---

2. An employee is considered to be in a sensitive classification if the employee has a substantially significant degree of responsibility for the safety of others, is required to carry a firearm, or is directly involved with narcotics law enforcement. MD REGS.CODE (COMAR) tit. 6, § 01.09.01.B(8) (1994).

disqualification or disability imposed by law because of conviction of crime.

MD.ANN.CODE art. 27, § 641 (1992 Repl.Vol.). Curry contends that § 641 prohibits the Department from imposing disciplinary sanctions on him by defining "conviction" to include a crime for which he received probation before judgment. Curry also asserts that the suspension imposed under DCD 50–2 was a violation of the governor's executive order.

## Appeal No. 553

Appellant Paul O. Flagg is a corrections officer at the Maryland Correctional Training Center in Hagerstown, Maryland. On June 7, 1992, Flagg was arrested and charged with driving under the influence of alcohol. Flagg was off duty at the time of the incident. On August 5, 1992, the District Court for Washington County found Flagg guilty of driving under the influence and granted him probation before judgment. The following day, Flagg's superiors suspended him for five days without pay.

The Department justified the suspension on the basis of DCD 50–2(III)(F)(2)(b). As with Curry, it was undisputed that Flagg is an employee in a sensitive class or position and that he was arrested for an alcohol-related offense not at the work place. Like Curry, Flagg challenged his suspension on the ground that DCD 50–2 violates Article 27, § 641 of the Maryland Code. Although the Secretary of Personnel upheld the suspension, the Circuit Court for Washington County held that DCD 50–2 was "in direct contradiction of" § 641 and reversed the Secretary's order. The court reasoned that allowing Flagg to be suspended based on a probation before judgment would nullify the protection that § 641 affords to persons who receive probation before judgment.

## LEGAL ANALYSIS

We review an administrative agency's decision under the same standard as the circuit court. In each case, the court must determine whether the agency's decision is "in

accordance with the law or whether it is arbitrary, illegal, and capricious." *Moseman v. County Council,* 99 Md.App. 258, 262, 636 A.2d 499 (1994). The court will not overturn the agency's factual findings or its application of law to facts if the decision is supported by substantial evidence considered in light of the record taken as a whole. *Mortimer v. Howard Research and Dev. Corp.,* 83 Md.App. 432, 441, 575 A.2d 750, *cert. denied* 321 Md. 164, 582 A.2d 499 (1990). When reviewing issues of law, on the other hand, the court's review is expansive and it may substitute its judgment for that of the agency. *Columbia Road Citizens' Ass'n v. Montgomery County,* 98 Md.App. 695, 698, 635 A.2d 30 (1994); *Gray v. Anne Arundel County,* 73 Md.App. 301, 309, 533 A.2d 1325 (1987). Our role is to be certain that the circuit court did not err in its review. *Moseman,* 99 Md.App. at 262, 636 A.2d 499.

## I

Both Curry and Flagg argue that the Department may not impose disciplinary suspensions on them by defining "conviction" to include a crime for which they received probation before judgment. According to the employees, such a definition would impermissibly use a finding of guilt that did not result in a true "conviction" to impose a legal disability or disqualification in direct contravention of § 641(c).

Although both circuit courts focused on the term "conviction," [3] the real issue is whether a state employer's disciplinary suspension of an employee falls within the scope of "a disqualification or disability imposed by law." This is an issue of statutory interpretation. Such an issue is a question of law; therefore, our review is expansive. *Gray,* 73 Md.App. at 309, 533 A.2d 1325.

---

**3.** In its legal and technical sense, a conviction refers to the final judgment and sentence rendered by a court pursuant to a verdict or plea of guilty. *Myers,* 303 Md. at 645, 496 A.2d 312. The term "conviction," however, can have different meanings within different contexts. *Jones* 326 Md. at 483–84, 606 A.2d 214; *Shilling v. State,* 320 Md. 288, 296, 577 A.2d 83 (1990); *Myers,* 303 Md. at 642, 645, 496 A.2d 312.

The cardinal rule of statutory interpretation is to ascertain and give effect to the legislative intent. *Rose v. Fox Pool Corp.*, 335 Md. 351, 358, 643 A.2d 906 (1994). The primary source of legislative intent is the language of the statute itself. *Gray*, 73 Md.App. at 309, 533 A.2d 1325. Where the language is unambiguous, we must accord the language its plain and ordinary meaning in light of the statute's objective. *Chesapeake Indus. Leasing Co. v. Comptroller of the Treas.*, 331 Md. 428, 440, 628 A.2d 234 (1993). All relevant parts of the statute should be read together and, to the extent possible, construed in harmony. *Columbia Road Citizens' Ass'n*, 98 Md.App. at 702, 635 A.2d 30.

We begin our analysis by examining the language of § 641(c). "Disqualify" is defined as "[t]o divest or deprive of qualifications; to incapacitate; to render ineligible or unfit." BLACK'S LAW DICTIONARY 472 (6th ed. 1990). The term "disability" is defined as "[t]he want of legal capability to perform an act ... generally used to indicate an incapacity for the full enjoyment of ordinary legal rights." *Id.* at 461. *See Ogburn v. State*, 71 Md.App. 496, 507, 526 A.2d 614 (1987) (examining meaning of § 641(c)). The term "law" may have many meanings and is largely dependent upon the context in which it is used. *See* BLACK'S LAW DICTIONARY, at 884–85. Under the broadest interpretation of these terms, a state employee who is suspended from work could be considered to be disqualified from performing his or her duties and from receiving compensation for such performance, by the application of a state departmental directive. We do not believe, however, that the legislature intended such a broad construction. Although a governor's executive order has the force of law, 64 Op. Atty. Gen. 180 (1979), and a state agency's disciplinary authority is derived from statute,[4] we do not believe that the state's

---

4. Section 3–401 of the State Government Article gives the governor the authority to adopt by executive order "guidelines, rules of conduct, or rules of procedure" for state employees. MD.CODE ANN., ST.GOV'T § 3–401 (1993 Repl.Vol.). In addition, an administrative agency is specifically authorized to suspend employees for disciplinary purposes. MD. CODE ANN., STATE PERS. § 9–402 (1994); COMAR 06.01.01.46 (1994).

internal rules of employee conduct can be equated with a "disqualification or disability imposed by law."

We must consider the context in which the words are used and construe the language in accordance with the legislative intent. *Gray,* 73 Md.App. at 310, 533 A.2d 1325 (quoting *Ford Motor Land Dev. Corp. v. Comptroller,* 68 Md.App. 342, 346–47, 511 A.2d 578, *cert. denied* 307 Md. 596, 516 A.2d 567 (1986)).

The Court of Appeals has reviewed a probation before judgment in the context of the Law Enforcement Officers' Bill of Rights. MD.ANN.CODE art. 27, §§ 727–734D (1992 Repl Vol.); *Jones,* 326 Md. at 483–90, 606 A.2d 214. Section 730 of Article 27 provides that a law enforcement officer is entitled to an administrative hearing before punitive disciplinary action may be imposed. Subsection (c), an exception to § 730, states that an officer is not entitled to a hearing if the officer "has been charged and convicted of a felony." In *Jones,* the court held that subsection (c) was a disqualification imposed by law and, therefore, a probation before judgment could not be used as the basis for denying the officer a hearing. *Jones,* 326 Md. at 489, 606 A.2d 214.

In *Myers,* 303 Md. at 642–45, 496 A.2d 312, the Court of Appeals examined a statute that disqualifies convicted perjurers from testifying as witnesses, and concluded that the statute imposes a legal disability. MD.CODE ANN., CTS. & JUD.PROC. § 9–104 (1989 Repl.Vol.). Because the convicted perjurers' statute is a legal disability, the court held that the term "conviction" must be defined in its legal and technical sense in that context; consequently, probation before judgment could not be the basis for any disqualification from testifying under § 9–104. *Myers,* 303 Md. at 647–48, 496 A.2d 312.

In *Ogburn,* 71 Md.App. at 507–10, 526 A.2d 614, we held that admitting for impeachment purposes evidence from which probation before judgment is imposed, is not a disqualification or disability under the meaning of § 641(c). We stated that § 641 refers to those types of disqualifications "which render a

person ineligible, by reason of conviction of crime, for enjoyment of, or participation in, rights or privileges enjoyed by the public at large without restriction." *Id.* at 507, 526 A.2d 614.

In light of *Jones, Myers,* and *Ogburn,* we believe that a "disqualification or disability imposed by law" under the meaning of § 641 refers to a denial of a legal right by operation of law. *See, e.g.,* MD.CODE ANN., FIN.INST., 9–911(a) (1992 Repl. Vol.) (disqualification from service as director or officer of savings and loan association by virtue of conviction of crime involving dishonesty or breach of trust); MD.CODE ANN., CTS. & JUD.PROC. § 9–104 (1989 Repl.Vol.) (disqualification from testifying as a witness by virtue of perjury conviction); MD.CODE ANN., STATE FIN. & PROC. § 16–203(b) (1988) (disqualification from contracting with a public body by virtue of conviction of bribery-related crime); MD.ANN.CODE art. 33, § 3–4(c) (1993 Repl.Vol.) (disqualification from voting by virtue of conviction of "theft or other infamous crime").

The right to continued government employment is not a legally protected right, recognized independently from other constitutional rights, such as the rights to freedom of speech or assembly and the right to equal protection of the law. *Montgomery County v. Walsh,* 274 Md. 502, 520, 336 A.2d 97 (1974), *appeal dismissed* 424 U.S. 901, 96 S.Ct. 1091, 47 L.Ed.2d 306 (1976). *See also Elliott v. Kupferman,* 58 Md. App. 510, 519–20, 473 A.2d 960 (1984) (stating that in order to have a property interest in a benefit such as state employment, the person must "have more than an abstract need or desire for it ... more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.") (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). Likewise, a state employee has no legally protected right per se ' to be free from disciplinary actions based on the employee's conduct.[5]

---

5. In addition, people in a number of professions are frequently disciplined for conduct that results in less than a criminal conviction. *See, e.g., Attorney Grievance Comm'n v. Hamby,* 322 Md. 606, 611–12, 589 A.2d 53 (1991) (suspending an attorney indefinitely for drug possession

An examination of the language of similar statutes also guides our interpretation of § 641(c). In *Tate v. Board of Educ.*, 61 Md.App. 145, 485 A.2d 688, *cert. denied* 303 Md. 42, 491 A.2d 1197 (1985), we held that a teacher could not be fired for a violation of MD.ANN.CODE art. 27, § 292 (1982 Repl.Vol.), for which the teacher had been granted probation before judgment. Section 292, since repealed, contained a similar provision to § 641 pertaining exclusively to controlled dangerous substances. At the time the appellant in *Tate* was arrested, § 292 provided: "(b) . . . Discharge and dismissal . . . shall be without a judgment of conviction and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by the law upon conviction of a crime. . . ." Unlike § 641, however, § 292 continued by adding that "[a]ny expunged arrest and/or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute or regulation or license or questionnaire or any other public or private purpose. . . ." Section 641(c) never has contained and does not currently contain a comparable provision. *See* H. 1060, 1975 Md.Laws 2567 (enacting § 641 in substantially identical form as current form). The inclusion of this last sentence in § 292 suggests that disciplinary measures imposed by an employer are distinct from and do not fall within the category of a "disqualification or disability imposed by law." The legislature could have included a similar provision in § 641 if it intended to preclude an employer from disciplining an employee who had received probation before judgment.[6]

---

and resisting arrest, although the attorney had received probation before judgment in a criminal prosecution of the offenses); *Attorney Grievance Comm'n v. Bloom*, 306 Md. 609, 611–12, 510 A.2d 589 (1986) (disbarring an attorney for misappropriating client funds and for writing a check on an account in which he knew there were insufficient funds, although the attorney received probation before judgment in a criminal prosecution of the latter offense).

6. Governor Schaefer's Briefing Document discussing the Drug Enforcement Act of 1990, H. 515, 1990 Md.Laws 1666, states that § 292 was repealed in order "[t]o make the statute for granting probation before judgment for drug offenders consistent with that applicable to drunk

Based on the foregoing analysis, we hold that a state employer's disciplinary sanctions are not disqualifications or disabilities imposed by law under the meaning of § 641(c). *See also Powell v. Maryland Aviation Admin.*, 336 Md. 210, 221, 647 A.2d 437 (1994) (stating, without elaboration, that a state employee's termination from state service after a hearing "is not a 'disqualification or disability imposed by law because of conviction of crime' within the meaning of § 641(c)"). Consequently, § 641(c) does not prohibit a state employer from suspending an employee for receiving probation before judgment.

## II

██ Curry and Flagg also challenge their suspensions, as well as DCD 50–2, on the ground that they are in contravention of Executive Order 01.01.1991.16. The Circuit Court for Anne Arundel County held that Curry's suspension and DCD 50–2 did not violate the executive order. The Circuit Court for Washington County, however, did not rule on whether Flagg's suspension and DCD 50–2 violate the executive order, although the issue was decided by both the ALJ and the Secretary's designee and was raised in the circuit court. Despite the failure of the Circuit Court for Washington County to rule on the issue, we deem it desirable to address the relationship between DCD 50–2 and the executive order, as it pertains to both cases. *See* MD.RULE 8–131(a) (appellate court may decide an issue that was plainly raised in or decided by the trial court); *Supervisor of Assessments v. Scheidt*, 85 Md.App. 154, 158 n. 1, 582 A.2d 563 (1990), *cert. denied* 322 Md. 240, 587 A.2d 247 (1991) (court may consider issue on

driving offenders." As the briefing document stated: "There is no rational basis for having a 'special' probation before judgment provision that is only available to drug offenders."

Regardless of the reasons for which § 292 was repealed, the legislature included the language regarding employment, civil rights, etc. in § 292(b) and did not include the language in § 641(c). Although § 292 paralleled § 641 in many respects, the very fact that this language was not included in § 641 is indicative of the legislative intent.

appeal that was raised in the pleadings but not decided by the circuit court).

Directive 50–2(III)(H) authorizes the Department to impose "any reasonable disciplinary action regardless of the provisions of Section III.E, F or G, except those provisions required by Executive Order." The executive order, entitled "State of Maryland Substance Abuse Policy," states that:

(4) A sensitive employee convicted of an off-the-workplace alcohol driving offense . . . shall:

(a) On the first conviction be referred to an employee assistance program, and in addition, be subject to any other appropriate disciplinary actions;

(b) On the second conviction, at a minimum, be suspended for at least 5 days, be referred to an employee assistance program, be required to participate successfully in a treatment program, and in addition, be subject to any other appropriate disciplinary actions, up to and including termination;

(c) On the third conviction, be terminated.

Section A(8) of the executive order defines conviction as follows:

(a) A judgment of conviction, whether entered upon a finding of guilt or acceptance of a plea of nolo contendere, and the imposition of sentence; or

(b) The staying of the entry of judgment and the placing of the defendant on probation after a finding of guilty or the acceptance of a plea of nolo contendere.

Curry and Flagg argue that their suspensions under DCD 50–2 violate the executive order by imposing the minimum penalties for a second offense, even though each was a first-time offender.

There is no indication that the sanctions listed in § (4)(a) comprise an exclusive list of punishments that a state employer may impose. To the contrary, the last sentence of § (4)(a) states that the employee shall be subject to "any other appropriate disciplinary actions." We do not believe, as Curry and

Flagg contend, that this phrase is "so vague and undefined" or "unconstitutionally vague" as to constitute a violation of due process. The term "appropriate" limits the types of disciplinary actions which may be imposed to those acts which are "specially suitable: FIT PROPER ... belonging peculiarly: SPECIAL." WEBSTER'S THIRD NEW INT'L DICTIONARY 106 (1986). The term "appropriate" adequately modifies the types of actions which may be imposed, so as to ensure that an employee will not receive a disproportionate disciplinary sanction. A five-day suspension for a first offense is not an unduly harsh or disproportionate punishment to impose on an employee in a sensitive classification for an off-duty alcohol-related offense. We hold that the imposition of a five-day suspension for an employee's first alcohol-related offense does not violate Executive Order 01.01.1991.16.

### III

In the recent case of *Powell,* 336 Md. at 213, 647 A.2d 437, the Court of Appeals held that a probation before judgment based on a finding of guilt could be used as evidence of misconduct in an administrative disciplinary hearing, but the guilty finding could not be given conclusive effect. The court reasoned that because a probation before judgment is not a final judgment, the doctrine of nonmutual collateral estoppel, or issue preclusion, does not apply to bar relitigating the facts underlying the finding. *Id.* at 218, 647 A.2d 437.

The agency in *Powell* was attempting to use the guilty finding from the employee's prior criminal proceeding to prove that the employee engaged in conduct that violated COMAR §§ 06.01.01.47E ("wantonly offensive conduct") and 06.01.01.47M ("such conduct as to bring the classified service into public disrepute").[7] Accordingly, the agency was required to prove that the employee engaged in the proscribed conduct. In the case *sub judice,* by contrast, the Department

---

7. The agency dismissed the charge that the employee violated COMAR § 06.01.01.47I, because that charge required a "conviction of a criminal offense or a misdemeanor involving moral turpitude."

suspended Curry and Flagg for being "convicted" of an alcohol-related offense, which the Department defines to include probation before judgment. The fact that the employees each received probation before judgment satisfied the definition of conviction in DCD 50–2.

■ The crucial distinction is between punishing a person for misconduct and punishing a person for being "convicted." Where a state agency wishes to discipline an employee for misconduct, it must prove the fact that the employee engaged in the conduct. In such a situation, as was the case in *Powell*, the agency may not use the fact that the employee received probation before judgment to prove the underlying conduct. Where the agency wishes to discipline an employee for being "convicted," by contrast, the agency is not required to prove the fact of the employee's misconduct. Rather, it need only prove the fact that the employee was "convicted" under the relevant definition of conviction. In essence, because the Department's disciplinary sanctions are not disqualifications or disabilities imposed by law, as we indicated in Part I, *supra*, it does not matter how the Department defines the conduct or activities upon which it imposes disciplinary measures.[8]

Neither § 641(c) nor Executive Order 01.01.1991.16 prohibit the Department from suspending Curry and Flagg based on a first alcohol-related offense for which each received probation before judgment. Accordingly, the ALJs correctly interpreted those provisions of DCD 50–2 and Executive Order 01.01.1991.16 to uphold Curry's and Flagg's suspensions.

IN APPEAL NO. 360, JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

**8.** Of course, as an extension of the State, any disciplinary actions taken by the Department may not violate any of the employee's constitutional or other fundamental rights. U.S. CONST amend. XIV, § 1.

IN APPEAL NO. 553, JUDGMENT OF THE CIRCUIT COURT FOR WASHINGTON COUNTY REVERSED.

COSTS TO BE PAID BY APPELLEE.