**168**

UNITED STATES of America
v.
James Broadus CRAWLEY, Defendant.
Ex parte James Broadus Crawley,
Petitioner.

No. 12056.

United States District Court
W. D. South Carolina,
Greenville Division.

March 8, 1963.

James Broadus Crawley, pro se.

John C. Williams, U. S. Atty., Greenville, S. C., for defendant.

WYCHE, District Judge.

The above case is before me upon the motion of the defendant James Broadus Crawley under Rule 33 of the Criminal Rules of Procedure for a New Trial on the ground of newly discovered evidence.

The defendant was tried before me and a jury on February 17, 1959, on an indictment charging the defendant with violating 18 U.S.C.A. § 2113(a) (b) and (c). The jury on February 19, 1959, found the defendant guilty on all three counts in the indictment.

See also, D.C., 23 F.R.D. 215; D.C., 200 F.Supp. 624.

The case was appealed by the defendant and the Court of Appeals for the Fourth Circuit affirmed the verdict and judgment of the United States District Court in an opinion dated June 19, 1959, and reported in 268 F.2d 808.

The defendant was represented by able and experienced lawyers of his own choice at the trial of his case in the United States District Court, as well as before the Court of Appeals.

Rule 33, Rules of Criminal Procedure, provides: "The court may grant a new trial to a defendant if required in the interest of justice. If trial was by the court without a jury the court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the

case. A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix during the 5-day period."

■ The above quoted Rule requiring motion for new trial on ground of newly discovered evidence to be presented within two years after judgment of conviction and sentencing means within two years after conviction ceases to be subject to direct attack; i. e., the date of final judgment is (1) the last date for taking an appeal, if no appeal is taken; and (2) if an appeal is taken, date when appellate process is terminated. Smith v. United States, 109 U.S.App.D.C. 28, 283 F.2d 607 (1960); Harrison v. United States, 191 F.2d 874 (5 Cir., 1951).

■ More than three years have elapsed since the conviction in this case ceased to be subject to direct attack, i. e. the date when appellate process was terminated. Therefore, the motion for new trial on the ground of newly discovered evidence in this case is not timely and I have no jurisdiction to consider the same.

IT IS, THEREFORE, ORDERED, That the motion of the defendant James Broadus Crawley for a new trial upon the ground of newly discovered evidence be and the same is hereby denied.

■ The defendant has also filed a motion "for leave to proceed on appeal in forma pauperis and direct that an appropriate transcript be prepared and furnished to the appellant at the expense of the United States of America" and states his ground of appeal, and an affidavit of poverty of the defendant is attached dated January 30, 1963.

It is my opinion that the defendant's appeal in this case has no merit and that the same is not taken in good faith.

IT IS, ORDERED, That the defendant's petition to be allowed to proceed with an appeal in *forma pauperis* be and the same is hereby denied.