BERNARD ANTHONY YBARRA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11668

May 13, 1981                                    628 P.2d 297

*William N. Dunseath,* Public Defender, and *N. Patrick Flanagan,* Deputy Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, CHRISTENSEN, D. J.:[1]

Bernard Anthony Ybarra was convicted of murder in the first degree on April 30, 1975. Judgment was entered, and he was sentenced to life in prison with the possibility of parole. His appeal was dismissed by this court on September 30, 1976. A petition for rehearing was denied on November 8, 1976.

On August 11, 1978, appellant filed a motion for a new trial based on newly discovered evidence. The motion was denied by the district court as untimely under NRS 176.515(3), which provides in pertinent part: "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within 2 years after final judgment. . . ." Appellant had argued that while the judgment was "final" for purposes of pursuing an appeal, the judgment was not final for purposes of filing a motion for a new trial until the appellate process was terminated. In rejecting this argument, the district court held that the judgment was final when entered by the trial court.

We are faced with the issue of when a judgment is "final" for purposes of a motion for a new trial based on newly discovered evidence.

The statute in question here, NRS 176.515(3), was taken verbatim from Fed. R. Crim. P. 33. Layton v. State, 89 Nev. 252,

---

[1]The Governor designated the Honorable Carl J. Christensen, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6 § 4.

510 P.2d 864 (1973). The general rule in Nevada is that a statute adopted from another jurisdiction will be presumed to have been adopted with the construction placed upon it by the courts of that jurisdiction before its adoption. *See* United States v. State ex rel. Beko, 88 Nev. 76, 493 P.2d 1324 (1972). Therefore, it is important to consider the construction which the federal courts have placed upon Fed. R. Crim. P. 33.

Federal case law is unanimous in holding that when an appeal is taken, the date of "final judgment," for purposes of the filing of a motion for new trial on the ground of newly discovered evidence, is the date on which the appellate process is terminated. *See* United States v. White, 557 F.2d 1249 (8th Cir. 1977), *cert. denied,* 434 U.S. 870 (1977); United States v. Holman, 436 F.2d 863 (9th Cir. 1970), *cert. denied,* 402 U.S. 913 (1971); United States v. Granza, 427 F.2d 184 (5th Cir. 1970); Casias v. United States, 337 F.2d 354 (10th Cir. 1964); Smith v. United States, 283 F.2d 607, 610 (D.C. Cir. 1960) (concurring opinion); United States v. Crawley, 32 F.R.D. 168 (W.D.S.C. 1963). It would be inconsistent to disregard unanimous federal authorities in interpreting NRS 176.515(3), which was derived from the federal rule.

We hold that the meaning of the term "final judgment" for purposes of NRS 176.515(3), should be:

(1) the last date for taking an appeal, if no appeal is taken; or

(2) if an appeal is taken, the date when the appeal is terminated.

Since appellant filed his motion for a new trial within two years of the termination of the appellate process, the district court erred in denying it as untimely.

Reversed and remanded for further proceedings.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., concur.