485 A.2d 688

**Deborah E. TATE**

v.

**BOARD OF EDUCATION OF KENT COUNTY.**

No. 1762, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Jan. 4, 1985.

James R. Whattam, Baltimore (Walter S. Levin and Weinberg & Green, Baltimore, on brief), for appellant.

Elise Davis, Chestertown, for appellee.

Argued before GILBERT, C.J., and MOYLAN and ADKINS, JJ.

GILBERT, Chief Judge.

Deborah E. Tate was dismissed by the Board of Education of Kent County (County Board) from her position as a tenured teacher. The State Board of Education (State Board) reversed the County Board's decision. Subsequently, the Circuit Court for Kent County overturned the State Board's ruling and, in effect, adopted the County Board's dismissal of Tate.

According to the record, Tate was in the residence of a male friend, where she sometimes resided, when, by happenstance, the police executed a warrant to search the premises. During the search, two marijuana plants and various marijuana paraphernalia were discovered. Tate was arrested. She maintained that she did not use or own the illegal items, but that the controlled dangerous substance and paraphernalia were the property of her friend, the tenant of the apartment. Nevertheless, she pleaded guilty because she believed that under the broad sweep of Md.Ann.Code art. 27, §§ 287 and 287A, and the appellate decisions thereon, she was "technically guilty" of possession of the controlled dangerous substance and paraphernalia. Her guilty pleas, notwithstanding, Tate maintained her innocence, *see* then Md.Rule 731, now Rule 4–242(c) and *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The district court placed Tate on probation before judgment for a period of eighteen months.

Md.Ann.Code art. 27, § 292. That section then provided in pertinent part:

"(b) Whenever any person who has not previously been convicted of any offense under this subheading or under any prior law of this State or the laws of the United States or of any other state relating to controlled dangerous substances ... pleads guilty to or is found guilty of any of the offenses specified in this subheading, the court, if satisfied that the best interests of the person and the welfare of the people of this State would be served thereby may, with the consent of such person stay the entering of the judgment of guilt, defer further proceedings, and place such person on probation subject to such reasonable terms and conditions as may be appropriate .... Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal ... shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by the law upon conviction of a crime .... Any expunged arrest and/or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute or regulation or license or questionnaire or any other public or private purpose, provided that any such conviction shall continue to constitute an offense for purposes of this subheading or any other criminal statute under which the existence of a prior conviction is relevant." [1]

The County Board dismissed Tate because of the guilty pleas and because of a threatening note that she wrote to a student.[2] The State Board found that the writing of the

1. Subsection (b) was modified by Laws 1983, ch. 302. The changes, basically stylistic, are not relevant to the matter *sub judice.*

2. The note read: "Frankie, I will be back very soon. I understand that you have had a lot of mouth about my business!!! As soon as I return you and I will discuss the matter. I suggest that from this point on you keep your mouth shut about my business. You don't know anything about anything and when I return don't let me have to embarrass you and get into your business."

note was not misconduct. That issue was not decided by the circuit court and, therefore, it is not before us. Md. Rule 1085.

The State Board, in ruling on the County Board's action with respect to the guilty pleas, reasoned that the latter's dismissal of Tate was premature in light of Md.Ann.Code art. 27, § 292(b). The State Board concluded that Ms. Tate was "still serving her probationary period." The State Board observed that there was some parental dissatisfaction with the idea of Ms. Tate's being returned to the classroom. Based on the record before it, the State Board concluded "that many of ... [the] parents were misinformed," and that the parents believed that Tate had been found guilty of using drugs, or guilty of possession of marijuana. There was, according to the State Board, "little indication that the community was aware that although ... [Tate] entered a technical plea of guilty ..., she had not admitted to guilt, was not convicted, and was placed on a probationary period which, if successfully served, would expunge her record of the plea of guilty altogether."

The circuit court said that it "disagree[d] with the opinion of the State Board when it says that ... [Ms. Tate] was not convicted of either possession or usage of marijuana or any other drugs." The court declared that Tate's "guilt was found when she entered the pleas of guilty which were accepted by the Court." The court held that Tate had been convicted, that she had not fulfilled the terms of probation at the time the County Board considered the matter, and that her firing by the County Board was proper.

The trial court's interpretation of § 292(b) deprives the statute of effect during the probationary period. The circuit court's ruling, if allowed to stand, means that § 292(b) would be effective only upon the satisfactory completion of probation, and that during the probationary period the probationer would be totally denied the protection of the statute. The result of the trial court's ruling is that in the instant case, had the disciplinary proceeding before the

County Board not been instituted until after Tate satisfactorily completed the 18 months probation, the pleas of guilty could not have been used against her. On the other hand, when, as here, proceedings are initiated during the period of probation, § 292(b) would not prevent the guilty pleas' being used as evidence.

Although the language of § 292(b) appears to permit the interpretation placed upon it by the circuit court, we think that construction defies legislative intent. The obvious goal of the Maryland General Assembly in enacting § 292(b) was to afford a degree of protection to first offenders in certain controlled dangerous substance cases. To accomplish that end the legislature directed that those persons who are placed by the court on § 292 probation, and who satisfactorily complete that probation, shall not have a criminal record. Furthermore, but of equal importance, is the fact that it is statutorily mandated that the arrest cannot be taken into account insofar as employment, civil rights or licensing are concerned.

We think that the circuit court erred in equating a guilty plea under § 292(b) with a conviction. Patently, there was no conviction since no judgment was entered and the probationary period had not terminated.

Our conclusion that the trial court erred does not, however, mean that we think the State Board's ruling to be correct. Indeed, because the State Board thought that the pleas of guilty followed by a stay of the judgment and probation under § 292 ended the matter, the State Board appears to have overlooked or ignored pertinent testimony.

Tate testified before the County Board that she lived in her friend's apartment part of the time, and that she knew that he possessed marijuana plants and proscribed paraphernalia. The record shows:

"Miss Tate: Like I said, the only thing I pleaded guilty to was the fact that I was there and they state that if you were there, you have control of the area, if there is evidence that you have been staying there. And because

there was evidence by my clothing being there, then I had control of the area. That does not mean and I would never admit I was guilty of using anything that I have not used. And if you will also recall on the tape when the Judge asked me if I realized that it was illegal, I said, yes, and what did I have to say about it? I told him it was not mine and he also stated that was consistent with the plea, which meant that I am not admitting guilt to possession of anything or using anything.

Dr. Metzger [Superintendent of Schools]: You did admit and you just said, I think in terms of your clothes were there, that you resided at different times at that house?

Miss Tate: I had from time to time. Yes.

. . . .

Dr. Metzger: And you admitted that that was your residence. Right?

Miss Tate: I have.

. . . .

Mrs. Starkey [Kent County Board Member]: Did you know what the plants were that were growing in the bathroom that the police identified as marijuana?

Miss Tate: No, I did not. Not until a day or two before the police came.

. . . .

Mrs. Starkey: On the paraphernalia, did you know what that represented?

Miss Tate: Yes, I did."

That dialogue clearly demonstrated that, by her own admission, Tate knew at least a "day or two before the police came" that her male friend was growing marijuana in the bathroom of the apartment she shared with him. Yet she removed neither the marijuana nor herself from the apartment. We think it obvious from the record that the State Board did not consider Tate's testimony, which in and of itself denotes misconduct.

Similarly, the circuit court focused on Md.Ann.Code art. 27, § 292(b) and lost sight of the other testimony in the case, else it would have remanded the matter to the State Board with instructions that the agency reconsider the matter in light of the testimony not affected by § 292(b).

JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR KENT COUNTY FOR FURTHER REMAND TO THE STATE BOARD OF EDUCATION. COSTS TO BE PAID BY APPELLEE.