131 Nev., Advance Opinion 17

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLINTON HOHENSTEIN,
Appellant,
vs.
NEVADA EMPLOYMENT SECURITY
DIVISION, STATE OF NEVADA;
CYNTHIA JONES, IN HER CAPACITY
AS ADMINISTRATOR OF THE
NEVADA EMPLOYMENT SECURITY
DIVISION; KATIE JOHNSON, IN HER
CAPACITY AS CHAIRWOMAN OF THE
NEVADA EMPLOYMENT SECURITY
DIVISION BOARD OF REVIEW; AND
THE WASHOE COUNTY SCHOOL
DISTRICT AS THE EMPLOYER,
Respondents.

No. 58519

FILED

APR 02 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order denying judicial review of an administrative decision denying unemployment benefits. Second Judicial District Court, Washoe County; Robert H. Perry, Judge.

*Reversed and remanded with instructions.*

Lemons, Grundy & Eisenberg and Caryn S. Tijsseling, Reno; Lewis Roca Rothgerber LLP and Darren J. Lemieux, Reno,
for Appellant.

J. Thomas Susich, Senior Legal Counsel, Nevada Employment Security Division, Sparks,
for Respondents Nevada Employment Security Division, Cynthia Jones, and Katie Johnson.

15-09909

Office of General Counsel, Washoe County School District, and Christopher B. Reich, Randy A. Drake, and Sara K. Almo, Reno, for Respondent Washoe County School District.

---

BEFORE PARRAGUIRRE, SAITTA and PICKERING, JJ.

*OPINION*

By the Court, PICKERING, J.:

NRS 453.3363 affords certain first-time drug offenders the opportunity to avoid a criminal conviction if the offender pleads guilty, then successfully completes a probationary period. Upon successfully completing probation, the offender is discharged and the charges are dismissed. Addressing the civil consequences of such a plea to the offender who successfully completes probation, NRS 453.3363(4) provides: "[D]ischarge and dismissal under this [statute] is without adjudication of guilt and is not a conviction for purposes . . . of employment, civil rights or any statute or regulation or license or questionnaire or for any other public or private purpose." We must decide how this statute applies to a public school teacher who was terminated after pleading guilty but before completing probation, specifically, whether a guilty plea pursuant to NRS 453.3363 may be used to deny unemployment benefits to the terminated teacher in this circumstance. We hold that the guilty plea may not be used as the basis for denying unemployment benefits, and therefore reverse and remand.

I.

Appellant Clinton Hohenstein, then a teacher for the respondent Washoe County School District (WCSD), was arrested for and

pleaded guilty to possessing marijuana in his residence in violation of NRS 453.336. Because this was his first offense, the district court did not enter a judgment of conviction. Instead, it suspended Hohenstein's sentence and placed him on probation for a period not to exceed 3 years. Per NRS 453.3363(1), if Hohenstein fulfilled the conditions of probation, the criminal proceedings would be dismissed in accordance with NRS 453.3363(3).

On learning of Hohenstein's arrest the WCSD suspended him and began termination proceedings, during which Hohenstein entered his guilty plea. The WCSD specified its final grounds for terminating Hohenstein, consistent with NRS 391.31297,[1] as: (1) immorality, (2) conviction of a felony or of a crime involving moral turpitude, and (3) any cause which constitutes grounds for revocation of a teaching license.

Hohenstein sought unemployment benefits. After a hearing, the Employment Security Division (ESD) denied Hohenstein benefits on finding that his guilty plea established that the WCSD had terminated Hohenstein for "workplace misconduct," to wit: he had committed immoral conduct under NRS 391.31297(1)(b), which disqualified him from eligibility for unemployment benefits under NRS 612.385. Hohenstein filed an unsuccessful petition for judicial review, followed by this appeal.

II.

An ESD appeals referee "shall inquire into and develop all facts bearing on the issues and shall receive and consider evidence without

---

[1]NRS 391.31297 was numbered NRS 391.312 at the time the WCSD terminated Hohenstein, but the statute has remained substantively the same for purposes of this appeal. 2013 Nev. Stat., ch. 506, § 36.

regard to statutory and common-law rules." NRS 612.500(2). At first blush, this standard appears to sanctify the ESD's reliance on Hohenstein's guilty plea as a basis for denying him unemployment benefits. *See also Taylor v. Thunder*, 116 Nev. 968, 973, 13 P.3d 43, 45-46 (2000) ("[E]vidence of a guilty plea or offer to plead guilty from a prior criminal proceeding is admissible in a subsequent civil proceeding, subject to NRS 48.035(1)."). But upon entry of Hohenstein's guilty plea the district court immediately suspended his criminal proceedings in order to afford Hohenstein the opportunity to successfully complete his probationary period and avoid entry of a final judgment of conviction, per NRS 453.3363. Thus, the guilty plea, along with the district court's order, effectively placed Hohenstein's criminal proceedings on hold and brought his case within NRS 453.3363's specific directives.

Among those directives is NRS 453.3363(4), which reads in pertinent part as follows:

> Except as otherwise provided in subsection 5,[2] discharge and dismissal under this section is without adjudication of guilt and is not a conviction for purposes of this section *or for purposes of employment, civil rights or any statute or regulation or license or questionnaire or for any other public or private purpose*, but is a conviction for the purpose of additional penalties imposed for second or subsequent convictions or the setting of bail. Discharge and dismissal restores the person

---

[2]NRS 453.3363(5) allows a professional licensing board to consider a proceeding under the statute when "determining suitability for a license or liability to discipline for misconduct." The WCSD does not argue that NRS 453.3363(5) applies to this matter.

discharged, in the contemplation of the law, to the status occupied before the arrest, indictment or information.

(Emphasis added.) When the ESD denied Hohenstein unemployment benefits he was midway through his 3-year probationary period, so "dismissal and discharge" of the criminal case had yet to occur. The question is whether, given this statute, the ESD properly used Hohenstein's conditional guilty plea as the basis for denying him unemployment benefits.

A similar issue confronted the Maryland Court of Special Appeals in *Tate v. Board of Education of Kent County*, 485 A.2d 688 (Md. Ct. Spec. App. 1985). At issue in *Tate* was former Maryland Code, Article 27, § 292 (1987), on which statute the Uniform Law Commission drew in crafting § 414 of the 1990 Uniform Controlled Substances Act (UCSA), on which NRS 453.3363 in turn is modeled.[3] Like NRS 453.3363, section 292

---

[3]The Nevada Legislature included the exact dismissal and discharge language contained in the uniform law, save an irrelevant (to this appeal) exception for professional licensing boards. A.B. 222, 66th Leg. (Nev. 1991); 1991 Nev. Stat., ch. 523, § 12, at 1647; UCSA § 414(c), 9 U.L.A. 838 (1990). The commentary to § 414 states that in addition to providing a discretionary alternative to incarceration, the section "provides for confidentiality of the defendant's record upon fulfilling all the terms and conditions of probation. This will preclude any permanent criminal record from attaching to and following the individual in later life." UCSA § 414 cmt., 9 U.L.A. 838 (1990); *see also State v. Alston*, 362 A.2d 545, 547-48 (N.J. 1976) (recognizing a purpose behind allowing the court to dismiss proceedings for first-time drug offenders is to allow that offender to avoid the stigma of criminal conviction). The commentary then goes on to note that the discharge and dismissal language is based on former Maryland Code, Article 27, § 292 (1987). UCSA § 414 cmt., 9 U.L.A. 838 (1990).

provided that an arrest or conviction expunged under the Maryland statute could not "thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute or regulation or license or questionnaire or any other public or private purpose." Md. Code, Art. 27, § 292(b)(5) (1987). *Tate* addressed whether, consistent with § 292, a school board could terminate a teacher who had pleaded guilty to possession of marijuana and drug paraphernalia but was in the process of completing her probationary period. 485 A.2d at 689-90. The trial court had held that the teacher's guilty pleas established her guilt, validating the termination. *Id.* at 689. The court of appeals reversed. *Id.* at 691. To read § 292 otherwise, the court reasoned, would

> ...deprive[] the statute of effect during the probationary period. The circuit court's ruling, if allowed to stand, means that § 292(b) would be effective only upon the satisfactory completion of probation, and that during the probationary period the probationer would be totally denied the protection of the statute. The result of the trial court's ruling is that in the instant case, had the disciplinary proceeding before the County Board not been instituted until after Tate satisfactorily completed the 18 months['] probation, the pleas of guilty could not have been used against her. On the other hand, when, as here, proceedings are initiated during the period of probation, § 292(b) would not prevent the guilty pleas[] being used as evidence.

*Id.* at 689-90.

Section 292's "obvious goal" was "to afford a degree of protection to first offenders in certain controlled dangerous substance cases." *Id.* at 690. Because the statute mandated that an offender who completes his or her probationary period "shall not" have a criminal record and that an expunged arrest "cannot be taken into account insofar as

SUPREME COURT
OF
NEVADA

(O) 1947A

6

employment, civil rights or licensing are concerned," the court concluded that § 292 did not permit dismissing the teacher based upon her guilty pleas, despite the fact that she had yet to complete her probationary period. *Id.* Of note, the court did hold that the teacher's testimony before the county school board regarding her alleged misconduct, apart from her arrest and plea, could be considered in the dismissal proceedings as proof of the conduct underlying the pleas. *Id.* at 690-91.

*Tate* predated the 1990 UCSA, which, as noted, drew upon § 292 in crafting the uniform law provision that Nevada adopted as NRS 453.3363. Ordinarily, "a statute adopted from another jurisdiction will be presumed to have been adopted with the construction placed upon it by the courts of that jurisdiction before its adoption." *Ybarra v. State,* 97 Nev. 247, 249, 628 P.2d 297, 298 (1981). We see no reason why this rule would not equally apply in the uniform law context, where the state law upon which a uniform law is based has been interpreted by that state's courts before the uniform law's creation. *See also* NRS 453.013 (mandating that the Nevada UCSA "shall be so applied and construed as to effectuate its general purpose and to make uniform the law with respect to the subject of such sections among those states which enact it"). Nothing in the legislative history of NRS 453.3363 suggests that the Legislature intended to depart from the UCSA, or the Maryland precedent on which it was based, on this issue. And though the *Tate* court determined that the guilty pleas could not be used to justify the teacher's dismissal, the same reasoning would apply here to preclude the use of a guilty plea to justify disqualification from unemployment compensation, given that the discharge and dismissal provision prohibits treating the discharge and dismissal as a conviction "for purposes of employment . . . or

for any other public or private purpose." NRS 453.3363(4). We therefore adopt the reasoning and interpretation offered in *Tate* and hold that, since NRS 453.3363(4) forestalls a final judgment of conviction "for purposes of employment, civil rights or any statute or regulation or license or questionnaire or for any other public or private purpose" if the offender successfully completes probation, the guilty plea may not be used to establish misconduct-based grounds for termination for purposes of denying unemployment compensation during the probationary period.

Here, the WCSD relied on Hohenstein's guilty plea as grounds both for terminating him and for establishing that his termination was misconduct-based, making him ineligible for unemployment compensation. In the WCSD's first notice of intent to dismiss Hohenstein, which was issued after his arrest but prior to his guilty plea, the deputy superintendent recommended that Hohenstein be discharged for various reasons, including immorality, unprofessional conduct, insubordination, failure to comply with such reasonable requirements as a board may proscribe, any cause which constitutes grounds for the revocation of a teacher's license, willful neglect or failure to observe and carry out the requirements of this title, and dishonesty. But once Hohenstein entered his NRS 453.3363 plea, the WCSD issued an amended notice of intent informing Hohenstein that "[i]n as much as [sic] you were convicted of Possession of a Controlled Substance in violation of NRS 453.336," it was adding immorality, conviction of a felony or crime involving moral turpitude, and any cause which constitutes grounds for revocation of a teacher's license to the reasons warranting his dismissal. Throughout the ESD proceedings the WCSD likewise maintained that it was Hohenstein's "conviction" that led to and warranted his discharge, and thus also

disqualified him from receiving unemployment benefits under NRS 612.385. A WCSD human resources specialist who testified at the administrative hearing—who had no personal knowledge other than from reviewing Hohenstein's termination paperwork and was the only witness to testify on the WCSD's behalf—informed the appeals referee that Hohenstein "was discharged for pleading guilty to a felony" because that plea resulted in a "conviction [for] the possession of [the] illegal substance . . . marijuana." The WCSD representative further explained that an elementary level teacher typically would be terminated for such a conviction, that a felony conviction also would be considered grounds for revoking a teaching license, and that Hohenstein's offense supported the three termination grounds provided in the amended notice of intent to dismiss.

The WCSD thus equated Hohenstein's guilty plea with a felony conviction and persuaded the ESD that Hohenstein's termination was felony-based. The ESD appeals referee seemingly attempted to correct the WCSD's error by noting in his findings that Hohenstein "confessed to the act in the [administrative] hearing," which, along with his guilty plea, demonstrated that he committed acts that warranted his dismissal. But the "act" discussed in the transcript was possession of one or more marijuana plants (the amount is unclear) by Hohenstein in his home for personal medical use. And while such conduct, if indeed Hohenstein's testimony established it, *might* establish a basis to disqualify him from unemployment benefits, whether it did or not was not argued, since the WCSD, which carried the burden to prove Hohenstein was terminated for misconduct connected with his work, focused on the felony label attached to the acts, not the acts themselves. *Clark Cnty. Sch. Dist.*

SUPREME COURT
OF
NEVADA

(O) 1947A

9

*v. Bundley*, 122 Nev. 1440, 1447-48, 148 P.3d 750, 755-56 (2006) (employer bears burden to prove disqualifying misconduct); *see also id.* at 1446, 148 P.3d at 755 ("[A]n employee's termination, even if based on misconduct, does not necessarily require disqualification under the unemployment compensation law."); *Clevenger v. Nev. Emp't Sec. Dept.*, 105 Nev. 145, 150, 770 P.2d 866, 868 (1989) ("There are numerous cases where an employee's misconduct is sufficient ground for termination, but does not justify the denial of unemployment benefits because the misconduct was not shown to be connected with his or her work."). Since NRS 453.3363(4) prohibited the WCSD from using Hohenstein's guilty plea to establish misconduct, the ESD's finding that the WCSD terminated Hohenstein for misconduct connected with his work—conviction of a felony—lacks substantial evidentiary support. *Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996).

### III.

This court deferentially reviews the ESD's factual findings, especially misconduct findings under NRS 612.385. *Kolnik*, 112 Nev. at 16, 908 P.2d at 729; *Garman v. State Emp't Sec. Dep't*, 102 Nev. 563, 565, 729 P.2d 1335, 1336 (1986). Even so, we cannot uphold a decision denying unemployment benefits for workplace misconduct where the employer relied on a felony conviction that didn't exist to establish the predicate finding. It may be, on remand, that the WCSD can establish a sufficient factual and legal basis to sustain the ESD's denial of benefits but the

record does not support such a finding on this appeal. We therefore reverse the district court's order denying judicial review and remand with instructions that the district court remand to the ESD to determine, without considering Hohenstein's guilty plea, whether the WCSD met its burden to demonstrate that Hohenstein committed disqualifying misconduct under NRS 612.385 for which he was terminated.

_____, J.
Pickering

We concur:

_____, J.
Parraguirre

_____, J.
Saitta